590 P.2d 457

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR The COUNTY OF PIMA, and the Honorable Robert Roylston, Judge of the Superior Court, Respondents,

and

James Lee Baker, Real Party in Interest.

No. 2 CA–CIV 2416.

Court of Appeals of Arizona, Division 2.

Jan. 25, 1977.

Rehearing Denied Feb. 28, 1977.

Review Denied March 29, 1977.

Stephen D. Neely, Pima County Atty. by Thomas A. Letnes, II, Deputy County Atty., Tucson, for petitioner.

Risner, Raven & Keller by Peter B. Keller, Tucson, for real party in interest.

## OPINION

RICHMOND, Judge.

The state brings this challenge to the trial court's granting of the real party in interest's motion for a new finding of probable cause. Since there is no remedy by appeal, and because we believe the trial court abused its discretion, we grant relief.

The real party in interest, Baker, earlier convicted of the misdemeanor of receiving stolen property, was re-arrested in September, 1976, and again charged with the same offense. The prosecutor, under A.R.S. § 13–1649, charged Baker with a felony. The indictment presented to the grand jury contains two paragraphs, the first of which is entitled "Receiving Stolen Property with a Prior" and outlines the elements of the crime alleged to have been committed in September, 1976, with no reference to the prior offense. The second paragraph is entitled "Prior Conviction" and alleges the earlier conviction. The grand jury returned an indictment charging a felony.

Baker moved for a new finding of probable cause, claiming that even before the jurors heard any witnesses, they were aware that he had been convicted of a violation of the same law, thereby seriously prejudicing his rights. The trial court ordered that the prosecutor either take the case back to the grand jury without informing the jurors of the prior conviction, or proceed by means of a preliminary hearing.

We first must point out that the transcript of the grand jury proceeding, besides showing the alleged procedural error, leaves no doubt that the requisite probable cause was established, and there seems to be no dispute in that regard. This is not a situation where the indictment is challenged as being insufficient as a matter of law, in which case the proper remedy would lie under Rule 16.7(b), Rules of Criminal Procedure, in a motion to dismiss the prosecution. Rather, Baker's sole remedy is Rule 12.9(a), which states:

"Grounds. The grand jury proceedings may be challenged only by motion for a new finding of probable cause alleging that the defendant was denied a substantial procedural right, or that an insufficient number of qualified grand jurors concurred in the finding of the indictment."

There is no question as to the sufficiency of the number of grand jurors concurring in the finding of the indictment, and the only challenge is that Baker was denied a substantial procedural right. The comment to Rule 12.9 states that the latter ground for relief includes the failure to comply with Rules 12.1 through 12.8, where that failure can be characterized as denying the defendant a substantial right. Nothing in those rules is applicable to the facts before us. Baker maintains that under Rule 12.2(d), which lists as a ground for disqualification the bias or prejudice in favor of either the state or the defendant, the jurors were prejudiced against him by the allegation of the prior conviction and thus should have been disqualified. Rule 12.2(d) does not pertain to prejudice arising from the proceedings themselves, but rather to the situation where prospective jurors may be prejudiced by knowing a defendant or the attorneys involved, or by having formed an opinion about the case prior to the start of the proceedings.

We think the present situation is somewhat analogous to *State v. Jacobson*, 22 Ariz.App. 128, 524 P.2d 962 (1974), where the defendant contended that he was entitled to a new finding of probable cause because the indictment was based on allegedly false statements. This court stated, however, that it is a well established rule that when a duly constituted grand jury returns an indictment valid on its face,

" . . . no independent inquiry may be made to determine the kind of evidence considered by the grand jury in making its decision. Such rule has been adhered to in this jurisdiction. [Citations omitted]" 22 Ariz.App. at 129, 524 P.2d at 963.

We found in *Jacobson* that the lower court erred in equating its evaluation of the evidence with a denial of a substantial procedural right, and we think the situation here,

with the jurors being privy to irrelevant and immaterial information in their consideration of an indictment, is similar and not a denial of a substantial procedural right. In no way, however, do we mean to condone the procedure which was used before this grand jury. As Baker points out, the usual and preferable procedure is to defer presenting evidence of the prior conviction until there first has been a finding of probable cause on the new charge.

Since Baker failed to establish grounds for remanding the matter to the grand jury for a new finding of probable cause, it was error for the respondent court to have granted his motion. The challenged order is hereby set aside.

Relief granted.

HOWARD, C. J., and HATHAWAY, J., concur.