580 P.2d 747

**The STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable J. Richard Hannah, Judge of the Superior Court, Respondent,**

**and**

**Venus Marie FISHER, Real Party in Interest.**

No. 2 CA–CIV 2861.

Court of Appeals of Arizona, Division 2.

March 23, 1978.

Rehearing Denied April 26, 1978.

Review Denied May 31, 1978.

Stephen D. Neely, Pima County Atty. by Paul S. Banales, Deputy County Atty., Tucson, for petitioner.

John M. Neis, Pima County Public Defender by Daniel R. Grills, Asst. Public Defender, Tucson, for Real Party in Interest.

## OPINION

HOWARD, Judge.

The sole issue in this special action is whether the respondent court abused its discretion in granting a motion for a new finding of probable cause.

An indictment was returned by the grand jury against real party in interest (hereinafter defendant) charging her with arson, first degree. Sixteen grand jurors were present and by a vote of thirteen to three, the grand jury returned a true bill. Several witnesses were called by the state, including the defendant's mother. The first witness to testify was the police officer who investigated the fire which was the subject of the offense. The next witness called was the defendant's mother who, after preliminary questions, stated that her attorney had advised her not to answer any questions because they might incriminate her. After the prosecutor indicated that she had no further questions, the jury foreman asked the members of the jury if they had any questions they would like to ask and no one responded in the affirmative. Two other witnesses testified and numerous questions were propounded by the jurors to all the witnesses.

At the conclusion of all the testimony, the foreman inquired of the jurors whether they had any questions for the county attorney. One juror asked:

"I was just wondering the legal aspect behind Mrs. Fisher's not testifying? I wasn't aware that a witness who was subpoenaed does not or cannot testify and I wonder if there is any way we can require her to testify?

The prosecutor responded:

"There is no way that we can make her testify if she doesn't wish to testify. You can't do anything at this point. The only thing you can do is you can grant Mrs. Fisher immunity, but as a witness as such there are no legal ramifications or you cannot draw any legal conclusions from her not answering questions. You can only consider the testimony that you have. A witness can be subpoenaed and take the oath and take the Fifth Amendment and not answer questions. That is their right under the Fifth Amendment."

The foreman then asked the prosecutor whether, if a charge was referred against defendant, the details relative to other witnesses who were at the scene of the arson would be brought out in a trial. The prosecutor answered in the affirmative. The foreman then asked the jurors whether there were any other questions and no one responded.

The respondent court, in granting defendant's motion for a new finding of probable cause, stated:

"The information given to the grand jury by the deputy county attorney regarding compelling the witness Helen Fisher to testify was at best misleading, if not incorrect, as it conveyed to the grand jury the idea that there is no way the testimony could be compelled. This is not correct. Cf. A.R.S. 13–1804. It is immaterial whether or not the misinformation is intentional or whether or not the prosecutor intends to mislead the grand jury. Since the grand jury must necessarily rely upon the county attorney for instructions as to the law, incorrect statements by the prosecutor to the grand jury on matters of law constitute a denial of a substantial procedural right, which requires a new finding of probable cause." (Feb. 8, 1978 ME)

■ We disagree with the respondent court's conclusion that the defendant had been denied "a substantial procedural right". First of all, the juror's question was only a question in the abstract, i.e. the juror could not understand why a subpoenaed witness does not testify. The prosecutor merely advised the juror, and correctly so, that a subpoenaed witness can invoke the Fifth Amendment. *Marston's Inc. v. Strand,* 114 Ariz. 260, 560 P.2d 778 (1977). As to the juror's inquiry concerning whether the defendant's mother could be required to testify, we find nothing misleading or incorrect in the prosecutor's response that immunity would have to be granted to her if she were required to testify. It was a summary of A.R.S. Sec. 13–1804 and in the context in which the juror's question was posed, there was no need to spell out the procedural details set forth in the statute. There is absolutely nothing in the entire grand jury transcript to indicate that the jurors wanted to hear the testimony of the defendant's mother. Nor can we construe the foreman's question as to the availability of other witnesses at trial as reflecting a desire to hear Mrs. Fisher's testimony before considering the probable cause question since Mrs. Fisher was not present at the scene of the fire.

■ Improper remarks or actions by the prosecutor during the grand jury proceedings tending to influence the jury's action would be a denial of a substantial procedural right within the purview of Rule 12.9, Arizona Rules of Criminal Procedure. *State v. Superior Court, In and For the County of Pima,* 26 Ariz.App. 482, 549 P.2d 577 (1976). Even if the prosecutor's response to the juror's question could be characterized as a "misstatement of the law", there was no denial of due proces in the proceedings. See, *State v. Horner,* 112 Ariz. 432, 543 P.2d 118 (1975).

■ The grand jurors, when they have reasonable grounds to believe that other evidence, which is available, will explain away the contemplated charge, may require the evidence to be produced. A.R.S. Sec. 21–412. No showing was made to the re-

spondent court that Mrs. Fisher's testimony, if made available, would explain away the contemplated charge or had any relevance whatsoever to the probable cause determination. Absent such a showing, we do not conceive that the prosecutor's response was tantamount to exerting improper influence on the jury as denounced by this court in *State v. Good,* 10 Ariz.App. 556, 460 P.2d 662 (1969). There being no prosecutorial misconduct which infected the grand jury proceedings and an indictment valid on its face having been returned by a duly constituted grand jury, no grounds existed for a new probable cause determination. Cf. *State v. Jacobson,* 22 Ariz.App. 128, 534 P.2d 962 (1974).

The order of the respondent court granting the defendant's motion for a new finding of probable cause is hereby vacated.

RICHMOND, C. J., and HATHAWAY, J., concur.