592 P.2d 381

**STATE of Arizona, Appellee,**

v.

**Jewel Columbus REED, Jr., Appellant.**

**No. 1 CA–CR 3132.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 1, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

OPINION

EUBANK, Presiding Judge.

Appellant was indicted for second degree burglary and second degree conspiracy resulting from a theft of a check writer and several blank payroll checks in Phoenix and forgery of some of the checks. Following the execution of a written plea agreement, he pled guilty to both charges and was sentenced to serve terms of four and one-half to five years on the burglary charge and three and one-half to four years on the conspiracy charge. These sentences were to be served concurrently with another sentence he received in CR–94277. He timely appealed raising as error claimed irregularities in the proceedings before the grand jury.

At the grand jury hearing which resulted in the indictment against appellant, the State's evidence was presented by the investigating officer, Detective Terry L. Rhiel. His testimony consisted, in part, of information which had been given to him by an informant and co-conspirator, Ed-

ward Bernard Toles. Toles apparently had entered into an agreement with the State whereby he agreed to provide information in this case in exchange for immunity on the charges arising out of the instant case, immunity on charges arising out of his participation in a conspiracy in Arizona and New Mexico, and immunity on charges involving certain credit card forgeries and other probation violations. At the hearing before the grand jury, Detective Rhiel testified that the State had agreed not to file charges against Toles in this case "if he would give us information pertaining to this particular case." The record further reveals that at the time of the grand jury hearing, the detective was aware that Toles was a heroin addict and that he had twice been hospitalized in mental institutions. The appellant contends that the failure of the State to elucidate all the facts surrounding the grant of immunity to Toles and the fact of Toles' heroin addiction and hospitalization deprived the grand jury of evidence necessary for a determination of Toles' credibility. The appellant further contends that the State's failure to elucidate these facts fatally infected his indictment, citing, *inter alia, Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 105, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The appellant challenged the indictment at the trial court level, and his challenges were rejected. Thereafter he pled guilty to the charges.

For the following reasons we hold that, by entering pleas of guilty to the charges, appellant has waived the challenge he now seeks to assert in this Court.

■ It is well established in Arizona that an appellant waives any challenges to non-jurisdictional defects in the trial court proceedings when he enters a valid guilty plea. *State v. Lerner,* 113 Ariz. 284, 551 P.2d 553 (1976); *State v. Chagnon,* 115 Ariz. 178, 564 P.2d 401 (Ct.App.1977); *State v. Arnsberg,* 27 Ariz.App. 205, 553 P.2d 238 (1976). Fur-

thermore, in this appeal, the appellant does not challenge the validity of his guilty pleas. We have reviewed the record and find that appellant's guilty pleas were knowingly and voluntarily entered in full compliance with Rule 17, Rules of Criminal Procedure, 17 A.R.S.; that the record contains a factual basis for the pleas; and that there is no fundamental error.

■ The precise issue of whether the State's failure to disclose allegedly exculpatory evidence to the grand jury is a jurisdictional or non-jurisdictional defect has not been directly considered in Arizona. We hold that such a defect is non-jurisdictional.

The case of *State v. Lopez,* 27 Ariz.App. 408, 555 P.2d 667 (1976), is analogous. In that case, the appellant challenged the propriety of the prosecutor's closing argument to the grand jury. The Court held that the issue was waived due to the appellant's failure to raise the error within the time limits prescribed by Rule 12.9(b), Arizona Rules of Criminal Procedure, 17 A.R.S. The implication of the Court's holding in *Lopez* is that the denial of a procedural right during a grand jury's "probable cause" proceeding is a non-jurisdictional defect inasmuch as it can be waived by an indicted defendant.

■ Further, the Rules of Criminal Procedure, 17 A.R.S., manifest a similar intent. Rule 13.5(c) states that issues concerning defects in the charging document may be raised only by motions filed in accordance with the provisions of Rule 16.[1] Rule 16.1(c) provides that any motion which is not timely raised under the provisions of Rule 16 is precluded. Therefore, an issue concerning a defect in an indictment may be waived by a defendant's failure to timely raise the issue in accordance with the provisions of the rule. Finally, Form 18 of the Rules of Criminal Procedure, the plea agreement, expressly waives challenges to any charging documents. In this case, appellant's plea agreement waived any appeal

---

1. The *Comment* for Rule 13.5(c) states: "This provision makes any defects harmless error unless timely raised under Rule 16. This state-

ment is consistent with expanded pretrial discovery in the light of which the formal document is of decreased significance."

challenging the indictment. Therefore, it is clear that his claim of denial of substantial procedural rights stemming from allegedly improper grand jury proceedings was waived as not timely made. It follows that such defects are non-jurisdictional and challenges concerning such defects may be waived by the entry of a guilty plea to the crime charged. In accord with these principles, we hold that appellant waived the challenges he asserts in this Court when he entered his guilty pleas.

The judgment and sentences are affirmed.

WREN, J., and HENRY S. STEVENS, Judge, Retired, concur.