642 P.2d 852

Samuel GERSHON, Petitioner,

v.

The Honorable Robert C. BROOMFIELD, Assignment Judge for the Eleventh State Grand Jury, Respondent,

and

The STATE of Arizona, Respondent and Real Party In Interest.

No. 15780–SA.

Supreme Court of Arizona, In Banc.

Feb. 19, 1982.

Rehearing Denied March 30, 1982.

Lewis & Roca by Edward F. Novak and Jordan Green, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by Michael C. Cudahy, Asst. Atty. Gen., Crim. Div., Sp. Prosecutions Section, Phoenix, for real party in interest.

GORDON, Vice Chief Justice:

The sole issue presented in this special action is whether the Attorney General may subpoena witnesses and documents before the state grand jury without the prior consent of the grand jury. Taking jurisdiction pursuant to Ariz.Const. Art. 6, § 5(1), we hold that the Attorney General has no such power.

Without the state grand jury's consent, an assistant attorney general signed and sent a subpoena to petitioner on October 22, 1981 ordering that he appear before the state grand jury and that he bring with him certain documents. Petitioner's motion in superior court to quash the subpoena was denied by respondent judge. The judge relied in part on an October 23, 1978 order he made in his capacity as assignment judge for the state grand jury. The order permits the Attorney General or an assistant attorney general to issue state grand jury subpoenas without the prior consent of the grand jury provided the grand jury and assignment judge are notified within ten days of the issuance.

■ The Attorney General has no common law powers; whatever powers are possessed by the holder of that office must be found in the Arizona Constitution or in the Arizona statutes. *Amphitheater Unified School District No. 10 v. Bret Harte*, 128 Ariz. 233, 624 P.2d 1281 (1981); *see Arizona State Land Department v. McFate*, 87 Ariz. 139, 348 P.2d 912 (1960). Those powers cannot be expanded by order of the state grand jury's assignment judge. If the 1978 order and the assistant attorney general's actions in the instant case are valid, authority for them must be found elsewhere.

■ There is no such authority. In Article 5, § 9, the Arizona Constitution clearly states that the powers of the Attorney General "shall be as prescribed by law." The law concerning the Attorney General's powers vis-à-vis the state grand jury are found in A.R.S. § 21–421 et seq. Section 21–427(C) provides: "The attorney general or his designee shall have authority to issue subpoenas in furtherance of matters cognizable by a state grand jury in accordance with the provisions of [§ 13–4071 et seq.] * * *." Whatever subpoena powers the Attorney General has, therefore, are found in A.R.S. § 13–4071 et seq.

Section 13–4071(B) states:

"The subpoena may be signed and issued:

\*      \*      \*      \*      \*      \*

"2. By the [prosecutor] for witnesses for the prosecution, or for such other witnesses as the grand jury upon an investigation pending before it may direct, or for witnesses on an indictment or information to appear before the court in which the indictment or information is to be tried."[1]

It should be noted that this statute deals with the issuance of subpoenas in all criminal procedures. Our reading of the statute gives the prosecutor power to issue subpoenas in these instances: (1) in the *prosecutor's* discretion, witnesses for the trial or for any related proceeding in a criminal case; and (2) at the *grand jury's* direction, witnesses for a grand jury investigation. Thus, § 13–4071(B)(2) requires the Attorney General to obtain the consent of the state grand jury *before* issuing grand jury subpoenas.

When the grand jury statutes are read as a whole, we believe this is the intended interpretation of A.R.S. §§ 21–427(C) and 13–4071(B)(2). A.R.S. § 21–422(A) declares, "The law applicable to county grand juries, including their powers, duties and functions, shall apply to the state grand

---

1. Although the statute refers only to the subpoena of "witnesses," we have interpreted this to include both subpoenas ad testificandum and duces tecum. *Marston's, Inc. v. Strand*, 114 Ariz. 260, 560 P.2d 778 (1977).

juries except insofar as it is in conflict with this article." State grand jury law, therefore, parallels county grand jury law. A.R.S. § 21–427(A), pertaining to state grand juries, directly refers to the county grand jury statutes: "The attorney general or his designee shall attend the state grand jury in the manner prescribed by § 21–408." Section 21–408, which enumerates the powers and duties of the county attorney assisting the county grand jury, states that inter alia, the county attorney "shall also, *when requested by [the grand jury]*, * * * cause process to issue for the attendance of witnesses and other evidence." (Emphasis added.)

The Legislature has expressed an intent that the rules governing state grand juries should be generally the same as those governing county grand juries. A.R.S. § 21–427(A) explicitly states that the member of the Attorney General's office attending the state grand jury has the same responsibilities as the member of the county attorney's office attending the county grand jury. It is clear that § 21–408 allows the county attorney to subpoena grand jury witnesses only with the grand jury's prior consent. Given this framework, we can find no legitimate reason to allow the person attending the state grand jury unlimited subpoena power when the person attending the county grand jury must first obtain that grand jury's consent.

We are not the first Court to so interpret the prosecutor's subpoena power. When California's subpoena statute was essentially identical to A.R.S. § 13–4071(B)(2),[2] it was also construed as prohibiting the prosecutor from issuing grand jury subpoenas without the consent of the grand jury. *Ex parte Peart*, 5 Cal.App. 469, 43 P.2d 334 (1935). The California court reasoned that

the power to initiate and control inquiries into public offenses rests with the grand jury and not the prosecutor. Hence, only the grand jury can direct what witnesses will appear before it.

The Attorney General argues that *Marston's, Inc. v. Strand*, 114 Ariz. 260, 560 P.2d 778 (1977), stands for the proposition that the Attorney General does not need the state grand jury's consent before subpoenaing grand jury witnesses.[3] We disagree. We are unable to find any statement in the majority opinion of the case that so holds, even inferentially.

■ It is true that the prosecutor has wide discretion in fulfilling his or her role in assisting the grand jury. *See Marston's, Inc., supra.* But these powers are derived from the grand jury; it is the grand jury that possesses the broad investigative powers, and it is the grand jury that must be the decisionmaker as to how to exercise those powers. For the reasons stated in the separate opinion in *Marston's, Inc.*, we hold that before subpoenaing witnesses or evidence before the state grand jury, the Attorney General must obtain the consent of that grand jury.

"The very fact that the Legislature passed the grand jury bill indicates that the Legislators intended to interpose the citizen members of the grand jury between the government prosecutor and the individual suspected of wrongdoing. Some states have statutes allowing the Attorney General to investigate on his own, e.g. Ark.Stats. §§ 43–801—43–803 (1964). That our Legislature did not choose that path shows that they wished the grand jury to play its traditional role as a shield, protecting the innocent from ill-founded prosecution and harassment."

---

**2.** In 1935, Cal.Penal Code § 1326 stated in part: "The process by which the attendance of a witness before a court or magistrate is required is a subpoena; it may be signed and issued by: * * * 2. The district attorney, for witnesses in the state, in support of the prosecution, or for such other witnesses as the grand jury, upon an investigation pending before them, may direct. 3. The district attorney, for witnesses in

the state, in support of an indictment or information, to appear before the court in which it is to be tried. * * *"

**3.** This apparently was the authority for the Attorney General's request that led to respondent judge's 1978 order granting the Attorney General authority to issue grand jury subpoenas without the grand jury's consent.

*Marston's, Inc.*, 114 Ariz. at 267, 560 P.2d at 785 (specially concurring in part and dissenting in part) (footnote omitted). It must be remembered that in our system, it is the grand jury that directs inquiries into public crimes. The prosecutor's duty is to assist the grand jury in its investigations; the prosecutor may not exercise dominion over those investigations by evading the grand jury's will.[4]

It may be noted that federal prosecutors routinely exercise the power sought by the Attorney General herein. They may do so, however, because the United States Congress and Supreme Court have allowed it by the generalized wording of Rule 17, Federal Rules of Criminal Procedure, and because caselaw supports it. *E.g., In re Grand Jury Proceedings*, 486 F.2d 85 (3d Cir. 1973); *United States v. Kleen Laundry & Cleaners, Inc.*, 381 F.Supp. 519 (E.D.N.Y.1974). Perhaps it is because of past abuses of this authority in federal investigations that our Legislature in its wisdom chose by more restrictive legislation not to allow state and county prosecutors to investigate on their own initiative before obtaining justification from the organ of government entrusted with the power to conduct and supervise that investigation.

Lest this interpretation of statutes be construed to be a serious hindrance to law enforcement, let us not lose sight of the fact that prosecution for felony crimes in Arizona may be commenced by either of two alternate methods (whereas federal prosecutions are limited to one—indictment, U.S.Const. amend. V). Ariz.Const. art. 2, § 30; A.R.S. § 11–532(A); A.R.S. § 21–427(B); Rule 2.2, Arizona Rules of Criminal Procedure. The grand jury proceeds in secret until an indictment is returned, filed, and served. *See* A.R.S. §§ 13–2812, –2813. The finding of probable cause that supports the indictment is arrived at largely without judicial supervision, under more relaxed rules of evidence, and with the grand jury normally hearing only one version of the transaction. *See* Rule 12, Arizona Rules of Criminal Procedure. If the prosecutor chooses the other course of prosecution, by information, a complaint laid before a magistrate requires a finding of reasonable cause before issuance of process, and the defendant will not be bound over to the superior court for trial without a magistrate's finding of probable cause after a preliminary hearing. *See* Rule 5, Arizona Rules of Criminal Procedure. At the preliminary hearing, the accused may be present, be represented by counsel, and confront and cross-examine witnesses; the accused also has a qualified right to testify on his or her own behalf and to compel witnesses to testify on behalf of the defense. Rule 5.3(a), Arizona Rules of Criminal Procedure. All these constitutional rights are not afforded to the accused under the grand jury method of prosecution until after the accused has a public record of felony accusation. If the prosecutor chooses the shorter, easier route—that of grand jury prosecution—it seems reasonable that he or she at least take the time to ask the grand jury for authority to subpoena witnesses.

Therefore, the assistant attorney general in this case acted in excess of his authority when he issued the subpoena to petitioner on October 22, 1981. Furthermore, respondent judge's October 23, 1978 order permitting such action is invalid. We reverse the order of respondent judge that denied the motion to quash the subpoena, and we order the subpoena to petitioner to be quashed.

Prayer for relief granted.

CAMERON, J., concurs.

FELDMAN, Justice, specially concurring:

I join in the majority opinion; however, I think the issue is sufficiently important that I wish to be even more specific with

---

4. We realize that the assistant attorney general in the instant case was motivated by efficiency rather than malice towards petitioner. Presently, the state grand jury meets only once a month, and it may cause some inconvenience to obtain its consent one month before a witness may appear before it or to call it into session more often only to obtain consent for subpoenas. We need not decide today whether the process can be streamlined, *e.g.*, by the grand jury allowing the foreperson alone to consent to the issuance of a subpoena.

respect to the basis for the result we have reached.

The State relies on *Marston's, Inc. v. Strand*, 114 Ariz. 260, 560 P.2d 778 (1977). I agree with the majority that a close reading of *Marston's* does not disclose a holding contrary to the case *sub judice*. If *Marston's* had held that the Attorney General may issue subpoenas to compel a grand jury appearance without the knowledge and consent of the grand jury itself, I would consider the decision unwise. However, the issue is not what was stated or implied in *Marston's*; the problem here is to determine the proper function of the prosecutor and grand jury under our statutes. This question was left open in *Marston's, Inc., supra*.

As pointed out in the majority opinion, the result reached could be based on precedent interpreting a similar statute or on the need for conformity of procedure before state and county grand juries, as required by A.R.S. §§ 21–408 and 21–427(A). More important than these factors, however, is the historical relationship between the function of the prosecutor and the grand jury. When considered in this light, I find that the most rational interpretation of the statutes is that they require that the grand jury be the investigatory body and that the prosecutor assist it, not that the prosecutor act as investigator and the grand jury as his or her assistant.

> The institution of the grand jury is deeply rooted in Anglo-American history. In England, the grand jury served for centuries both as a body of accusers sworn to discover and present for trial persons suspected of criminal wrongdoing and as a protector of citizens against arbitrary and oppressive governmental action. In this country the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by "a presentment or indictment of a Grand Jury." ... The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions.

*United States v. Samango*, 607 F.2d 877, 882 (9th Cir. 1979) (quoting *United States v. Calandra*, 414 U.S. 338, 342–343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974).

Given this background and the concept of the grand jury as a device to protect the citizen against unwarranted governmental intrusion or harassment, I am unwilling to construe a statute which is at best ambiguous in a manner contrary to the historical purposes of the grand jury.

It is true that by rule federal procedure now permits the practice which was attempted by the Arizona Attorney General in this case. However, as pointed out in the majority opinion, federal felony prosecutions may only proceed by indictment, while state prosecutions may proceed by either indictment or information. The interpretation of the statute which we here adopt is not a serious hinderance to law enforcement in Arizona, since the Arizona prosecutor may dispense with the grand jury and start the proceedings necessary for filing an information. It is only when the prosecutor wishes to make use of the grand jury for investigatory purposes that he or she must have its approval for the issuance of subpoenas, and it is at this very point that citizens may need the protection of the grand jury to prevent unwarranted intrusions into their lives and their records. Even in federal practice, it is considered procedurally improper to use a subpoena compelling grand jury appearance for the purpose of procuring attendance of the witness for office interrogation. *Durbin v. United States*, 221 F.2d 520, 522 (D.C.Cir. 1954). The subpoena is a form of the court's process and the prosecutor has not been granted use of that power for interrogation except in the presence of the grand jury itself. *United States v. DiGilio*, 538 F.2d 972, 985 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977). Since the subpoena may not be used unless it is the prosecutor's intent that

the witness appear in the presence of the grand jury, it seems reasonable that witnesses be subpoenaed only with the prior knowledge and consent of that body. If the prosecution cannot convince the grand jury of the necessity and propriety that the witness attend or produce documents, then it may be best that the person be left alone, thereby reducing the risk of abuse in the grand jury proceedings.

The possibility of abuse if the grand jury is made subsidiary to the prosecution is more than mere speculation. It has been the subject of comment; see Holderman, "Preindictment Prosecutorial Conduct in the Federal System," 71 J.Crim.Law & Criminology 1 (1980)[1]; J. Best, "Government Misconduct" (August 1980) (paper delivered before the Section of Litigation of the American Bar Association). It has been a subject considered by case law which reveals that more than a few indictments have been quashed for prosecutorial misconduct. See, *e.g., United States v. Samango,* supra; *United States v. Basurto,* 497 F.2d 781 (9th Cir. 1974); *Durbin v. United States,* supra. *Cf. United States v. DiGilio,* supra.

This is not to suggest that the prosecutors, the attorney general or the various state regulatory agencies are unmindful of their responsibility to temper law enforcement with a respect for the rights of our citizens. I do suggest, however, that history, precedent and common sense tell us that the historical protection given citizens against unwarranted intrusion or harassment at the hands of the occasional overzealous government officer ought not to be weakened in the absence of some showing of good reason.

Given the lack of statutory mandate, the precedent of *Ex parte Peart,* supra, the danger of abuse by unwarranted intrusion into the lives of private citizens, and the historical purposes of the grand jury as a buffer against such evils, it is important that we continue to utilize the grand jury

as the investigatory body with assistance of the prosecution, rather than *vice versa.* Therefore, I concur with Justice Gordon's statement that the Attorney General in this case "acted in excess of his authority when he issued the subpoena" to Gershon for appearance before the State Grand Jury without the prior consent of that body.

HAYS, Justice, with whom HOLOHAN, Chief Justice, joins, dissenting.

I dissent. At the outset, let me congratulate the author of the majority opinion. What in *Marston's, Inc. v. Strand,* 114 Ariz. 260, 560 P.2d 778 (1977), was a specially concurring and dissenting in part opinion has become a portion of the majority opinion in the instant case. The majority seems to find no conflict between its position in *Marston's* and its present position, although the author, in specially concurring and dissenting, said:

"My problem arises because I read the majority opinion to say that there are no limits on whose records the Attorney General or the grand jury can take and peruse and that the Attorney General need not consult with the grand jury in any way before issuing a subpoena duces tecum...."

114 Ariz. at 266, 560 P.2d at 784.

Even though not specifically overruled, *Marston's* has by indirection lost much of its validity.

Let us now address the meaning of A.R.S. § 13-4071(B)(2) which in pertinent part reads:

§ 13-4071. Subpoena; issuance; duty of clerk

B. The subpoena may be signed and issued:

2. By the county attorney for witnesses for the prosecution, or for such other witnesses as the grand jury upon an investigation pending before it may direct, or for witnesses on an indictment or information to appear before the court in

1. A comprehensive article by James F. Holderman, former United States Attorney for the Northern District of Illinois. The article is reprinted in National Law Review Reporter, Vol. 1, No. 4.

which the indictment or information is to be tried.

The majority's interpretation of the foregoing statute is directly opposite that of the dissent. The opinion indicates that subpoenas may, in the prosecutor's discretion, issue for witnesses for the trial or for any related proceeding in a criminal case.

Nowhere in the statute does the word "discretion" appear as applied to the county attorney, prosecutor or anyone else, nor is there any reference to "trial" as a limitation upon the witnesses which the county attorney can call. We must further ask why the closing phrase "or for witnesses on an indictment or information is to be tried" was included in the statute if the opening phrase "[b]y the county attorney for witnesses for the prosecution," applies to trial witnesses.

The majority opinion negates the meaning of the words "or for such other witnesses as the grand jury . . . may direct . . . ." "Such other witnesses" can only relate back to the phrase "[b]y the county attorney for witnesses for the prosecution, . . ."

As I read the statute, the prosecutor (county attorney or attorney general, as the case may be) may subpoena witnesses for the prosecution to appear before the grand jury and the grand jury may direct the subpoenaing of *other* witnesses.

Apparently the only case that has been found which is directly on point is the California Court of Appeals case, *Ex parte Peart*, 5 Cal.App.2d 469, 43 P.2d 334 (1935). The California statute considered in that case is virtually the same as our A.R.S. § 13–4071(B)(2). The California Court of Appeals, using the same reasoning, reaches a result similar to that of the majority opinion. They too ignore the word "other" and, in fact, in one quotation of the statute by the court, drop it altogether. An error compounded is error just the same.

I am sure it is apparent to the members of the court that the proposed opinion affects not only the operation of the attorney general vis-à-vis the grand jury but will affect the grand jury operations of fourteen county attorneys and their deputies. The fact that this method has been used for many years was not persuasive.

I must further make it clear that I cannot subscribe to the dictum of the majority opinion which speculates to the effect that past federal abuses of the grand jury may have had some influence in making the Arizona grand jury statute more restrictive than the federal law. My own speculations indicate that the federal system, although controlled by the hand of man and therefore not perfect, has been effective and subject to a minimum of abuse.

I dissent.

HOLOHAN, Chief Justice, dissenting.

I join in the dissent of Justice HAYS.