720 P.2d 965

**STATE of Arizona, Appellant,**

v.

**Richard Francis YOUNG, Appellee.**

**No. 1 CA–CR 8303.**

Court of Appeals of Arizona, Division 1, Department C.

March 13, 1986.

Review Denied June 10, 1986.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Richard D. Gierloff, Phoenix, for appellee.

## OPINION

CORCORAN, Judge.

Richard Francis Young (defendant) was indicted on May 1, 1984, by the 54th Maricopa County Grand Jury on one count of second degree murder, a class 2 felony, in violation of A.R.S. § 13–1104. Defendant filed a motion to dismiss the indictment with prejudice, pursuant to rule 16.5(b), Arizona Rules of Criminal Procedure, alleging that prosecutorial misconduct occurred at an earlier presentation of the same case to the concurrently sitting 55th Grand Jury rendering the indictment returned by the 54th Grand Jury defective. After argument, the trial court dismissed the indictment with prejudice pursuant to rule 16.-5(d).

A man is dead; Donald Leo Jason suffered a gunshot wound in the chest and in the back and died on October 26, 1978. No one has been convicted or exonerated in any criminal proceeding in the intervening years, although a number of trial court and

appellate court proceedings have ensued. The underlying facts of this case are set out in our previous opinion, *State v. Young,* 135 Ariz. 437, 661 P.2d 1138 (App. 1982), *cert. denied,* 464 U.S. 866, 104 S.Ct. 197, 78 L.Ed.2d 172 (1983), affirming an order to suppress the gun and other evidence. That opinion is law of the case. *See Allison v. Ovens,* 102 Ariz. 520, 523–24, 433 P.2d 968, 971–72 (1967), *cert. denied,* 390 U.S. 988, 88 S.Ct. 1184, 19 L.Ed.2d 1294 (1968); *overruled on other grounds, Young v. Bach,* 107 Ariz. 180, 183, 484 P.2d 176, 179 (1971); *Rail N Ranch Corp. v. State,* 7 Ariz.App. 558, 441 P.2d 786 (1968).

The procedural history relating to the subsequent grand jury proceedings follows. On April 18, 1984, the state, through its two deputy county attorneys, Herbert Williams and Charles Donofrio III, brought this case before the 55th Grand Jury. Two police officers testified as to the facts of the homicide. Some of the grand jury's questions had to be declined as they went to evidence which had been previously suppressed, *see State v. Young, supra,* or because they were otherwise inappropriate. The jurors asked questions about why it took so long to bring the case to the grand jury, whether the gun (which was suppressed) was found, how many rounds were in the gun, the caliber of the bullets taken from the body, which of the two bullets caused death, who the gun belonged to, whether defendant was licensed to carry the gun, whether the defendant was taken into custody, and whether defendant made any statements. The deputies admonished the jury not to consider defendant's silence in determining probable cause. The grand jury then deliberated.

Upon reconvening, the deputies were directed to prepare a draft indictment for the grand jury's consideration pursuant to A.R.S. § 21–408(A). When the deputies asked for which degree of homicide the grand jury wished an indictment prepared, the members of the grand jury revealed that they had not understood the need to determine the degree of homicide to be charged. The grand jury again retired to deliberate and asked for a rereading of certain statutes. After further deliberation, the foreman of the grand jury informed the prosecutors:

GRAND JUROR 1: The grand jury cannot come to a decision of which statute it—should be charged in here. We feel that this—we just need more information. It is just—

MR. DONOFRIO [Deputy County Attorney]:

Would you like to have Detective North recalled?

GRAND JUROR 2: No.

GRAND JUROR 3: I think we need more information than he is able to give us.

GRAND JUROR 4: We think there is a lot of secrecy in this case.

GRAND JUROR 5: For whatever reason—

GRAND JUROR 1: We were—asked many questions, and they were not able to answer us, for some legal reason or another. And we feel that's a roadblock.

GRAND JUROR 2: Quite a bit of vagueness.

GRAND JUROR 1: The rules are, the vote must be a quorum of nine. We cannot come up with that vote.

MR. DONOFRIO: Let me re-read from the daily admonitions, the second part. After the county attorney has presented the evidence to you, you must decide what you wish to do next. Your options include calling for more witnesses or evidence, ending the inquiry, or, pursuant to Arizona Revised Statutes Section 21–408, requesting that the county attorney prepare a draft indictment for your consideration.

GRAND JUROR 2: We can call—we can have the state recall the two ladies who were in the bar, if we would have wanted to, or the young man who witnessed it, also?

MR. DONOFRIO: That is correct.

The grand jury then retired to deliberate the matter further, and then requested the

appearance of the defendant, all the eye-witnesses to the homicide, a diagram of the scene, and all photographs. The defendant had previously been given notice of the grand jury proceedings and he indicated he did not want to appear. The deputies terminated the proceedings before this grand jury by leaving the grand jury chambers and ignored the grand jury's request. This case was later presented to the 54th Grand Jury, which returned the second degree murder indictment which is the subject of this appeal.

On June 6, defendant made a motion for *remand* for new finding of probable cause pursuant to rule 12.9. On July 26, 1984, defendant made a motion to *dismiss* with prejudice pursuant to rule 16.5 alleging prosecutorial misconduct before the 54th Grand Jury because of the previous abortive presentation to the 55th Grand Jury. The state responded that no prosecutorial misconduct had occurred and that the only remedy available to the defendant was by a motion for a new finding of probable cause pursuant to rule 12.9. The prosecutors justified the termination of the grand jury proceedings on the grounds that the jury was asking for facts previously ruled inadmissible and had requested the defendant to testify. The trial judge, ruling upon the motion to *dismiss* the indictment, found that there had been prosecutorial misconduct before the 55th Grand Jury and dismissed the indictment by the 54th Grand Jury with prejudice.

The state appeals pursuant to A.R.S. § 13-4032 contending that the court erred in dismissing the indictment with prejudice for alleged prosecutorial misconduct occurring in a separate grand jury proceeding.

## Conduct of the Prosecutors

We agree with the trial court that the prosecutors acted improperly in terminating the proceedings before the 55th Grand Jury. *See* A.R.S. § 21-408. However, we find the dismissal of the indictment with prejudice to be inappropriate. Therefore, we reverse.

■ The prosecution's withdrawal of the case from the 55th Grand Jury violated A.R.S. §§ 21-408 and 21-412. These sections provide in part:

§ 21-408. **Attendance of prosecuting attorney**

A. The county attorney or other prosecuting officer shall attend the grand jurors when requested by them, and may do so although not requested for the purpose of examining witnesses, in their presence, or of giving the grand jurors legal advice regarding any matter cognizable by them. He shall also, when requested by them, draft indictments and cause process to issue for the attendance of witnesses and other evidence.

§ 21-412. **Evidence on behalf of person under investigation**

.... The grand jurors shall weigh all the evidence received by them and when they have reasonable ground to believe that other evidence, which is available, will explain away the contemplated charge, they may require the evidence to be produced.

■ The powers of the prosecutor are derived from those of the grand jury. The grand jury has broad investigative powers and is the decision-maker in exercising those powers. *Crimmins v. Superior Court*, 137 Ariz. 39, 44, 668 P.2d 882, 887 (1983) (Feldman, J., specially concurring); *Gershon v. Broomfield*, 131 Ariz. 507, 509, 642 P.2d 852, 854 (1982); *see* 1 *American Bar Association Standards for Criminal Justice*, Ch. 3, Standard 3-3.5 (2d ed. 1980). The power to initiate and control inquiries into public offenses rests with the grand jury and not the prosecutor. The prosecutor's duty is to assist the grand jury in its investigations; the prosecutor may not exercise dominion over those investigations by evading the grand jury's will. *See* A.R.S. § 21-408; *Gershon v. Broomfield, supra.* By withholding the evidence and witnesses the grand jury sought, the deputy county attorneys deprived the grand jury of its decision-making function and the defendant of his right to an independent

grand jury. *See Crimmins v. Superior Court, supra.*

■ It is widely recognized that the court has the authority to dismiss an indictment because of prosecutorial misconduct. *Crimmins v. Superior Court,* 137 Ariz. at 43–45, 668 P.2d at 886–88 (Feldman, J., specially concurring); *see United States v. Samango,* 450 F.Supp. 1097 (D.Hawaii 1978), *aff'd,* 607 F.2d 877 (9th Cir.1979). However, a dismissal of an indictment with prejudice on the ground of prosecutorial misconduct is rare. *See United States v. Birdman,* 602 F.2d 547 (3rd Cir.1979), *cert. denied,* 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980). Dismissals with prejudice occur only when the evidence is irrevocably tainted or there exists a pattern of misconduct that is prevalent or continuous. *See United States v. Fields,* 592 F.2d 638, 648 (2nd Cir.1978), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979); *United States v. Lawson,* 502 F.Supp. 158, 172–73 (D.Md.1980).

We do not believe that the conduct in this case is so egregious as to require a dismissal with prejudice. We recognize that a remand for a new finding of probable cause does not correct the error before the 55th Grand Jury. However, as the court observed in *United States v. Lawson,*

> [D]efendants are entitled to the remedy of dismissal for violations of their constitutionally protected rights, they are not entitled to the reward of permanent immunity respecting their alleged criminal conduct.... [T]he costs to society are simply too high.

502 F.Supp. at 173. *But see United States v. Serubo,* 604 F.2d 807 (3rd Cir.1979) (criticizing the practice of "tongue clicking" and "adjurations as to the better practice" for not being effective).

■ Defendant argues that the conduct of the deputies, substituting their judgment for that of the grand jury, rendered the presentation before the 55th Grand Jury and any other presentation to a

grand jury a meaningless gesture, therefore requiring a dismissal with prejudice. We disagree. The defendant has failed to show prejudice before the 54th Grand Jury due to the termination of the 55th Grand Jury proceeding. This appeal does not involve any claim of prejudice before the 54th Grand Jury which returned the indictment. Absent prejudice, errors in a grand jury proceeding do not constitute reversible error when a conviction is appealed. *State v. Hocker,* 113 Ariz. 450, 454–55, 556 P.2d 784, 788–89 (1976) *disapproved of on other grounds, State v. Jarzab,* 123 Ariz. 308, 599 P.2d 761 (1979).

The actions of the deputies before the 55th Grand Jury did not prejudice the defendant; the 54th Grand Jury returned an indictment in a proceeding untainted by the conduct of the deputies in withdrawing the case from the 55th Grand Jury. Moreover, even if the 55th Grand Jury proceeding was not aborted and went on to return a *"no* bill," the deputies could have resubmitted the case before the 54th Grand Jury, since, absent prohibition by statute or rule, the prosecutor can resubmit a case before the grand jury after the same charge has been dismissed or a "no bill" returned.[1] *State v. Tovar,* 128 Ariz. 551, 555, 627 P.2d 702, 706 (App.1980); *see People ex rel. Flinn v. Barr,* 259 N.Y. 104, 181 N.E. 64 (1932); *People v. Benson,* 208 Misc. 138, 143 N.Y.S.2d 563 (1955); *State v. Chavez,* 93 N.M. 270, 599 P.2d 1067 (App. 1979), *cert. denied,* 93 N.M. 172, 598 P.2d 215 (1979). We find no reason to justify the dismissal of an indictment with prejudice where the error before the grand jury is not prejudicial.

### Motion for New Finding

■ The defendant's sole procedural vehicle for challenging grand jury proceedings is by a rule 12.9(a), which provides:

> **Grounds.** The grand jury proceedings may be challenged *only by motion for a*

---

1. Repealed Arizona Code of 1939 § 44–631 required approval by the trial court before resubmission of a case to the grand jury.

*new finding of probable cause* alleging [1] that the defendant was denied a substantial procedural right, or [2] that an insufficient number of qualified grand jurors concurred in the finding of the indictment.

(Emphasis added.) Such a motion has previously been held to be the appropriate method to challenge prosecutorial misconduct before the grand jury. *State v. Lopez*, 27 Ariz.App. 408, 555 P.2d 667 (1976); *State v. Superior Court*, 119 Ariz. 286, 580 P.2d 747 (App.1978). The rules permit the defendant to challenge the grand jury proceedings only on two grounds; the grounds set out in Rule 12.9. *Crimmins v. Superior Court*, 137 Ariz. 39, 41, 668 P.2d 882, 884 (1983). A motion to remand for a new finding of probable cause is the *only* procedural method to challenge a grand jury proceeding. *State v. Smith*, 123 Ariz. 243, 247, 599 P.2d 199, 203 (1979); *State v. Lamb*, 142 Ariz. 463, 468, 690 P.2d 764, 769 (1984).

■ The state contends that the only remedy available to a defendant where a grand jury proceeding is marred is a remand for a new finding of probable cause. We disagree. While a remand is the only remedy specified in rule 12.9, the court does not lose its power to correct violations of due process merely because they occur within the context of a grand jury proceeding. *See Marston's, Inc. v. Strand*, 114 Ariz. 260, 560 P.2d 778 (1977); *State v. Good*, 10 Ariz.App. 556, 460 P.2d 662 (1969). The power of the grand jury is not unlimited, and that power is subject to judicial control. *Marston's, Inc.* 114 Ariz. at 265, 560 P.2d at 783. Arizona has a history of judicial control of grand jury abuse. *See State v. Good, supra; State v. Von Reeden*, 9 Ariz.App. 190, 450 P.2d 702 (1969); *Corbin v. Broadman*, 6 Ariz.App. 436, 433 P.2d 289 (1967). Therefore, the court can dismiss with prejudice an indictment which is the result of a violation of due process. However, under the facts of this case we find a dismissal with prejudice inappropriate.

■ The improper conduct of the prosecutors in withdrawing this case from the 55th Grand Jury, which we find is not prejudicial to the defendant, should not result in the granting of a motion for a new finding of probable cause even if we were to conclude that defendant had been "denied a substantial procedural right," because there already has been a new finding of probable cause by the 54th Grand Jury.

### Motion to Dismiss

■ Rule 16.5(a) did not require the prosecutors to show "good cause" to the court before they could *abandon* the proceedings before the 55th Grand Jury. That rule provides:

**On Prosecutor's Motion.** The court, on motion of the prosecutor showing good cause therefor, may order that *a prosecution* be dismissed at any time upon finding that the purpose of the dismissal is not to avoid the provisions of Rule 8.

(Emphasis added.) Rule 16, including motions by the prosecutor to dismiss the prosecution, only applies when the defendant has been arraigned. Rule 16.1(a). The Comment to rule 16.5(a) states that it "retains the policy of the 1956 Arizona Rules of Criminal Procedure, Rule 239, that a *case filed* may not be dropped at the discretion of the prosecutor, but only by order of the court." (Emphasis added.) This policy is consistent with A.R.S. § 13–107(C), the criminal statute of limitations, which provides that for most crimes " ... *a prosecution* is commenced when an indictment, information or complaint is filed." (Emphasis added.) *See also* rule 2.2(a). We believe the term "at any time" as used in rule 16.5(a) means, at the earliest, after an indictment has been filed. Since no indictment was returned by the 55th Grand Jury, the defendant obviously had not been arraigned, and no good cause showing to the court was necessary.

■ Defendant argues that rule 16.5(b) allows dismissal apart from rule 12.9. Rule 16.5(b) provides:

**On Defendant's Motion.** The court, on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law.

Defendant bases his position on the Comment to rule 16.5(b) which provides that the motion "can be based on any ground recognized by law." This argument, however, fails to recognize that rule 12.9 specifically provides the *only* procedural method for challenging grand jury proceedings in Arizona. To accept defendant's position would mean that, even after an unsuccessful rule 12.9 motion, a defendant could still file a rule 16.5 motion based upon the same conduct before the grand jury. Such a construction grants a defendant two opportunities to challenge the indictment for misconduct and is clearly not contemplated by the rules. In addition, the Comment to rule 16.5(b) further states that: "It [the rule] is not intended to create any new grounds for dismissing a prosecution...."

A motion to dismiss an indictment under rule 16.5(b) is proper only where the indictment is challenged as being insufficient as a matter of law. *See* Rule 13.5(c); *State v. Superior Court*, 121 Ariz. 341, 590 P.2d 457 (App.1977). An indictment is insufficient as a matter of law when it fails to apprise the defendant of the crime charged, is indefinite, or fails to protect him from further prosecution for the same offense. *See State v. Kerr*, 142 Ariz. 426, 431, 690 P.2d 145, 150 (App. 1984). A motion to dismiss pursuant to rule 16.5 was inappropriate because the defendant was only challenging the validity of the grand jury proceeding pursuant to rule 12.9(a) and for prosecutorial misconduct, and not that the indictment was insufficient as a matter of law.

For the foregoing reasons we reverse the trial court's order dismissing the indictment.

EUBANK, J., concurs.

KLEINSCHMIDT, Judge, Specially Concurring:

I concur. This seems to have been an isolated case of misconduct precipitated in part by the effect of the order regarding suppression of the evidence. I think it important to add that if other instances of similar misconduct come to light in other cases, such would, in my opinion, justify a dismissal with prejudice in the exercise of the court's supervisory power.