NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

OSMAN SALAZAR-ROSAS, *Petitioner.*

No. 1 CA-CR 18-0721 PRPC
FILED 4-16-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2012-006372-040
The Honorable Peter A. Thompson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Castaneda Law, Phoenix
By Oscar Agustin Castaneda
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivers the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

**¶1**      Osman Salazar-Rosas petitions this Court for review from the dismissal of his of-right petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**      In 2012, Salazar-Rosas was charged with multiple offenses including the sale or transportation of marijuana. Before trial, Salazar-Rosas filed multiple motions to suppress wiretap recordings because the process of obtaining and sealing the recordings violated federal law, specifically 18 United States Code ("U.S.C.") sections 2516(2) and 2518(8)(a). The superior court denied the motions, finding the State properly complied with Arizona Revised Statutes ("A.R.S.") section 13-3010. Salazar-Rosas subsequently pled guilty to multiple charges, including sale or transportation of marijuana.

**¶3**      Salazar-Rosas filed a timely petition for post-conviction relief in 2017, but the superior court dismissed the petition. Before ruling on the first petition, however, the court received another petition for post-conviction relief. In response, the court reinstated Salazar-Rosas' initial post-conviction relief proceeding. The court then dismissed the reinstated petition, and Salazar-Rosas now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and A.R.S. § 13-4239(C).

## DISCUSSION

**¶4**      Salazar-Rosas requests relief based on a significant change in the law. In *Villa v. Maricopa County*, 865 F.3d 1224, 1237 (9th Cir. 2017), the Ninth Circuit Court of Appeals held that 18 U.S.C. § 2516(2) preempts A.R.S. § 13-3010(A). Salazar-Rosas argues the *Villa* opinion would have changed the rulings on the motions to suppress. We disagree. The *Villa*

opinion is not binding on state courts. *See State v. Gates*, 118 Ariz. 357, 359 (1978). Additionally, our Court has already held that Arizona's statute substantially complies with 18 U.S.C. § 2516(2). *State v. Verdugo*, 180 Ariz. 180, 183 (App. 1993). Further, by pleading guilty, Salazar-Rosas waived all challenges to non-jurisdictional defects in the superior court proceedings. *See State v. Reed*, 121 Ariz. 547, 548 (App. 1979). We find no error in the superior court's denial of relief.

¶5 Salazar-Rosas also argues an affidavit by the Maricopa County Attorney, William Montgomery, constitutes newly discovered evidence warranting relief. In 2011, Montgomery signed a notarized document authorizing deputy county attorneys to apply for an *ex parte* order for interception of telephonic communications. The application sought to investigate certain individuals, but it did not identify Salazar-Rosas. It did mention "other known and unknown co-conspirators," however. In a 2017 affidavit, Montgomery stated he personally reviewed the original applications for the wiretaps. Salazar-Rosas argues that Montgomery's reference to only the original application means he did not review additional applications involving Salazar-Rosas. He claims the lack of Montgomery's review makes it "very likely" the superior court would have suppressed the evidence.

¶6 To obtain relief based on newly discovered evidence, the petitioner must establish "newly discovered material facts probably exist and those facts probably would have changed the verdict or sentence." Ariz. R. Crim. P. 32.1(e). Here, Salazar-Rosas cannot establish the facts probably would have changed the outcome of the case. Arizona law requires the County Attorney to designate, in writing, a prosecuting attorney to apply for an *ex parte* order for the interception of telephonic communications. A.R.S. § 13-3010(A). When Montgomery signed the notarized document authorizing the deputy county attorneys to apply for an *ex parte* order and modifications or extensions to the order, the State complied with the statute. Montgomery's alleged failure to review additional applications does not violate the statute.

## CONCLUSION

¶7          For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA