690 P.2d 813

Walter D. MAULE, Petitioner,

v.

ARIZONA SUPERIOR COURT, For MARICOPA COUNTY, and the Honorable Cecil B. Patterson, A Judge thereof, Respondent Judge,

Robert K. CORBIN, State Attorney General, Respondent and Real Party in Interest.

No. 1 CA–CIV 7818–SA.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 11, 1984.

Review Denied Nov. 15, 1984.

Hiner, Crowe & Scott by Michael B. Scott, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by Michael C. Cudahy, Asst. Atty. Gen., Phoenix, for real party in interest.

## OPINION

GRANT, Presiding Judge.

This petition for special action raises the issue of whether the time limit of rule 12.9, Arizona Rules of Criminal Procedure, is jurisdictional. By order of this court dated August 15, 1984 this court accepted jurisdiction of the special action and granted relief to the extent of ruling that the trial court had jurisdiction to grant the petitioner's timely filed motion for extension of time to file a motion for new finding of probable cause pursuant to rule 12.9. This court further ordered that the respondent trial judge exercise his discretion as to whether to grant or deny petitioner's motion for extension of time and, if granted, to rule on the merits of the rule 12.9 motion. Petitioner has no equally plain, speedy and adequate remedy by appeal from the trial court's denial of his motion to remand for new finding of probable cause because such an order must be raised by special action or not at all. *See State v. Neese*, 126 Ariz. 499, 616 P.2d 959 (App.1980).

This case involves criminal charges brought against various members of the police department of Winslow, Arizona, including petitioner Walter D. Maule, for alleged actions taken by the police officers arising out of a shooting incident at a roadblock. The facts of the case are not material to the procedural question raised here. In March, 1983, the 14th State Grand Jury was called to investigate allegations of police misconduct relating to the Winslow Police Department. In August, 1983, the grand jury began concentrating on a specific incident. During this time period, Walter Maule was subpoenaed and testified on various occasions before the 14th State Grand Jury. At first Maule appeared with counsel, but later apparently chose to continue testifying without the presence of counsel. The 14th State Grand Jury's term expired before it completed its investigations into the incident. A 15th State Grand Jury, composed of new jury members, was called to complete the investigation. The prosecutor invited Maule to appear before the 15th State Grand Jury and repeat, explain, change, or add to his prior testimony. Maule chose to appear and apparently was questioned about many of the same matters that he had testified to before the 14th State Grand Jury.

The 15th State Grand Jury returned an indictment against Maule on December 13, 1983, charging him with conspiracy, fraudulent schemes and practices, wilful concealment, perjury, false swearing, and obstructing criminal investigations or prosecutions. Two other officers were also indicted. All of the grand jury transcripts and minutes were filed by December 22, 1983, at which time the 25 days to file a rule 12.9 motion began to run. Maule's attorney received copies of the transcripts and minutes by December 29, 1983.

On January 12, 1984, Maule filed a motion to extend the time for filing various pretrial motions including a request for a 60-day extension in which to file a rule 12.9 motion to remand for a new finding of probable cause. The state filed its opposition to the extension of time for the rule 12.9 motion on January 18, 1984.

The last day for filing the motion to remand pursuant to rule 12.9 would have been January 16, 1984, 25 days after the last volume of grand jury transcript was filed. Maule's request for a 60-day extension, if granted, would have extended the time for filing the motion to remand to March 16, 1984. Maule filed the motion to remand on March 22, 1984. After the response and reply were filed, a hearing was held before the trial court, and on June 12, 1984, the trial court denied the motion to remand, ruling that it could not be considered because the 25-day time limit for filing a motion is jurisdictional. This petition for special action followed.

By virtue of several minute entries the trial court had extended the time for filing pretrial motions to March 22, 1984. The orders did not specifically state that the petitioner had until that date to file the rule 12.9 motion.

Petitioner makes six arguments. First, he claims that the trial court incorrectly determined that it had no jurisdiction to extend the time to file the motion to remand pursuant to rule 12.9 and that the trial court should have granted the extension and therefore reached the merits of the motion to remand. The other five arguments consist of various grounds upon which the petitioner believes the motion to remand for a new determination of probable cause should be granted. Since this court has determined that the trial court should either grant or deny the extension of time to file the motion to remand, and if granted, rule on the merits, we need not reach the five arguments on the various grounds to support the motion to remand. The only issue that we consider by this opinion is the timeliness question.

The state argues that the trial court correctly denied the request for extension and therefore the motion to remand for any of the following reasons:

1. The time limits of rule 12.9 are jurisdictional and mandatory;

2. Even if the time limits are not jurisdictional and mandatory, no justification for an extension was shown in this case, and

3. The defendant waived any right to extension he may have had by not filing the motion to remand within the time period he had requested for the extension.

Rule 12.9(a), Arizona Rules of Criminal Procedure, provides that the grand jury proceedings may be challenged by a motion for a new finding of probable cause alleging that the defendant was denied a substantial procedural right. A motion under rule 12.9(a) may be filed "only after an indictment is returned and no later than 25 days after the transcript and minutes of the grand jury proceedings have been filed." Rule 12.9(b), Arizona Rules of Criminal Procedure. The state contends that the plain language of the rule indicates that the time limits are mandatory. If the language of the rule itself is not clear enough, the state also points out that the comments to the rule state that the motion "must be brought within 25 days of the filing of the transcript."

■ It is clear from Arizona cases that a defendant may not sit back during the 25-day period and do nothing without being subject to a claim that he waived his objections to the grand jury proceedings by failing to comply with the timeliness requirement. In *State v. Smith*, 123 Ariz. 243, 599 P.2d 199 (1979), the defendant waited until the 25-day period elapsed before filing a motion for new finding of probable cause. The Arizona Supreme Court ruled that the filing of the motion was untimely. However, the fact that the time limits of rule 12.9 are mandatory in the sense that the defendant cannot do nothing during the 25-day period and thereafter file his motion, does not necessarily mean that the time limits are jurisdictional in the sense that no extension could ever be granted even though requested before the time period expired.

■ The question of whether the time limit is "jurisdictional" as opposed to merely "mandatory" appears to be one of first impression. The state argues that the time

limit in rule 12.9(b) should be treated the same as the time limit in rule 24.1, the rule governing motions for new trial. The time limit for requesting a motion for new trial has been held to be jurisdictional. *State v. Hickle,* 129 Ariz. 330, 631 P.2d 112 (1981); *State v. Hill,* 85 Ariz. 49, 330 P.2d 1088 (1958); *State v. Villarreal,* 136 Ariz. 485, 666 P.2d 1094 (App.1983). The fact that a motion for new trial in a criminal case is jurisdictional does not mean that any or all other time limits in the criminal rules are jurisdictional. When the Arizona Supreme Court decided in *State v. Hill* that a motion for new trial in a criminal case is jurisdictional, it did so partially because of the analogy to rule 6(b), Arizona Rules of Civil Procedure, which enumerates the time periods of specific civil procedure rules which may not be enlarged under any circumstances. A motion for a new trial is one of the few civil motions whose time limits are considered jurisdictional. There is no criminal rule similar to civil rule 6(b) establishing which criminal rules have time limits that may not be extended. The state argues that the time limit of rule 12.9 should be jurisdictional to ensure that challenges to a determination of probable cause are promptly filed at the outset of a case. Otherwise, the trial court should turn its attention to the central question of guilt or innocence of the defendant. We note also that the time limit was expanded in 1975 from 10 days to the present 25 days which makes it easier for a defendant to file a timely motion.

On the other hand, the petitioner points out the possible prejudice to a defendant under circumstances in which the grand jury transcript is so voluminous and/or cannot be made available to defendant's counsel in time for a proper rule 12.9 motion to be filed. Petitioner argues that such was the situation in this case, where the grand jury investigation consisted of more than 2,200 pages of transcript, although the petitioner's testimony only consisted of approximately 300 pages. Additionally, there is the possibility that a defendant who is indicted but not arrested would be unaware of the indictment in time to comply with the 25-day time period. To avoid potential prejudice we hold that a defendant may file an initial motion within the time limits which, if an extension is granted, may then be supplemented after counsel for the defendant has had time to review the full transcript. Additionally, we hold that for good cause and upon a motion for extension of time being filed within the 25-day period the trial court may grant an extension of time in which to file a motion pursuant to rule 12.9. This approach requires the trial court to consider whether under particular circumstances a defendant should have filed the entire motion within the 25-day time limit and whether there is good cause to grant an extension. By this opinion we are holding that the rule is not "jurisdictional," in the sense that a trial court has no authority to grant a request for extension; however, the rule is "mandatory," in the sense that the trial court has no authority to grant an extension that is not made on a timely basis. Therefore, the trial court does have jurisdiction in its discretion to grant the motion for an extension of time limits in this case where the motion was made within the time limits of rule 12.9. It is therefore ordered remanding the case for further proceedings consistent with this opinion and with this court's prior order in this case.

HAIRE and BROOKS, JJ., concur.