IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



FILED BY CLERK

SEP -7 2007

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2 CA-SA 2007-0067 |
| | ) | DEPARTMENT B |
| HON. HOWARD FELL, Judge Pro | ) | |
| Tempore of the Superior Court of the | ) | O P I N I O N |
| State of Arizona, in and for the County of | ) | |
| Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANGELA EDWARDS FRYE, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR-20050691

JURISDICTION ACCEPTED; RELIEF GRANTED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                               Tucson
                                                          Attorneys for Petitioner

Nesci, St. Louis & West, P.L.L.C.
  By Joseph P. St. Louis                                                          Tucson
                                        Attorneys for Real Party in Interest

E C K E R S T R O M, Presiding Judge.

¶1 In this special action proceeding, petitioner State of Arizona asks this court to reverse the respondent judge's order of June 4, 2007. That order remanded the charges in the underlying criminal action for a new determination of probable cause pursuant to Rule 12.9, Ariz. R. Crim. P., 16A A.R.S., after real party in interest Angela Edwards Frye filed a motion to dismiss the indictment. The state does not have a remedy by appeal. *See* A.R.S. § 13-4032; *see also State ex rel. Thomas v. Schneider*, 212 Ariz. 292, ¶ 2, 130 P.3d 991, 993 (App. 2006); Ariz. R. P. Spec. Actions 1(a), 17B A.R.S. (special action jurisdiction appropriate when petitioner has no "equally plain, speedy, and adequate remedy by appeal"). Because we conclude the respondent judge exceeded his authority and abused his discretion, we grant relief. *See* Ariz. R. P. Spec. Actions 3(b) and (c) (questions raisable in special action include "[w]hether the defendant has proceeded . . . in excess of jurisdiction or legal authority; or . . . [w]hether a determination was . . . an abuse of discretion").

¶2 In February 2005, a Pima County Grand Jury charged Frye by indictment with criminal damage, a class four felony, two counts of endangerment, class six felonies, and three misdemeanor charges related to driving while under the influence of an intoxicant. Frye was arraigned about a week later, and the next day the state filed the transcript of the grand jury proceeding. In May 2007, over two years later, Frye filed a motion to dismiss the charges, alleging prosecutorial misconduct during the grand jury proceeding. Specifically, Frye argued the testimony of Pima County Sheriff's Detective Mark Bustamante had been

inaccurate, and she faulted the prosecutor for failing to disclose this. The state opposed the motion, contending that it was untimely under Rule 12.9(b), that the state was not guilty of misconduct, and that the presentation of the case to the grand jury had been fair.

¶3 Frye maintained in her motion that Bustamante had testified falsely on three points: that witnesses had said Frye seemed to be "asleep or passed out behind the wheel right before" crashing her car, that "[d]eputies and witnesses observed or noted an odor of [alcohol] coming from Mrs. Frye," and that alcohol had been found in Frye's car. Frye contended the reports of other deputies established the inaccuracy of Bustamante's testimony. And, Frye emphasized that these reports existed when the case was presented to the grand jury. Insisting that her federal constitutional rights under the Fifth and Fourteenth Amendments had been violated, Frye argued she was entitled to dismissal of the charges or, alternatively, a remand of the case to the grand jury for a new determination of probable cause.

¶4 Over the state's objection, the respondent judge heard the motion and proceeded with an evidentiary hearing. The respondent then granted the motion, in part, after acknowledging it was untimely filed. Although the respondent judge rejected Frye's argument that the prosecutor had been guilty of misconduct, he found "the presentation was not done as fairly as it could have been, and that the presentation may have prejudiced Ms. Frye." Adding that Bustamante had "not misled the grand jury in any way," the respondent

3

judge denied the motion to dismiss but remanded the case for a new presentation of the charges to the grand jury.

¶5        Rule 12.9(b) provides that a motion challenging grand jury proceedings must be filed "after an indictment is returned and no later than 25 days after the transcript and minutes of the grand jury proceedings have been filed or 25 days after the arraignment is held, whichever is later." In *Maule v. Superior Court*, 142 Ariz. 512, 515, 690 P.2d 813, 816 (App. 1984), Division One of this court held that a trial court does have jurisdiction to grant a request to extend the twenty-five-day time limit of Rule 12.9(b). Rejecting the state's contention that the time limit of the rule is both jurisdictional and mandatory, the court stated:

> By this opinion we are holding that the rule is not "jurisdictional," in the sense that a trial court has no authority to grant a request for extension; however, the rule is "mandatory," in the sense that the trial court has no authority to grant an extension that is not made on a timely basis. Therefore, the trial court does have jurisdiction in its discretion to grant the motion for an extension of time limits in this case where the motion was made within the time limits of rule 12.9.

*Maule*, 142 Ariz. at 515, 690 P.2d at 816. Relying on *State v. Smith*, 123 Ariz. 243, 599 P.2d 199 (1979), the court stated in *Maule*, "It is clear from Arizona cases that a defendant may not sit back during the 25-day period and do nothing without being subject to a claim that he waived his objections to the grand jury proceedings by failing to comply with the timeliness requirement." *Id*. at 514, 690 P.2d at 815.

4

¶6        Frye did not file her motion challenging the grand jury proceeding for more than two years after the grand jury transcript and minutes were filed. Nor did she seek an extension of the Rule 12.9(b) time limit within the twenty-five-day period. Consequently, the respondent judge did not have the authority to address Frye's motion and abused his discretion by hearing it and granting relief. *See Maule*, 142 Ariz. at 515, 690 P.2d at 816; *see also Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10, 63 P.3d 282, 285 (2003) (a judge abuses discretion by committing an "'error of law'"), *quoting Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982).

¶7        Even assuming, without deciding, that a trial court under certain circumstances has the authority and discretion to entertain a request to extend the time limit of Rule 12.9(b) made after the period has elapsed, we cannot say the respondent soundly exercised any such discretion. The respondent judge's comments at the hearing on the motion suggest he was acting in the interest of judicial economy, choosing to err on the side of caution and avoid a later claim of error. But Frye asserted no excuse for her failure to come forward for well over two years. Thus, were we to find that, notwithstanding Division One's decision in *Maule* a trial court has the authority to extend the time limit of Rule 12.9(b) when the request is made after the time has expired, there was no articulated basis for doing so here.

¶8        Frye suggests that she was not bound by the timeliness requirement set forth in Rule 12.9(b) because she characterized her challenge as a "Motion to Dismiss Based on

Prosecutorial Misconduct," rather than as a motion pursuant to that rule. We reject her argument for two reasons.

¶9  First, the plain language of Rule 12.9 provides that a motion under the rule is the exclusive avenue by which grand jury proceedings may be challenged. *See* Ariz. R. Crim. P. 12.9(a) (entitled "Challenge to grand jury proceedings," rule provides grand jury proceedings "may be challenged only by motion for a new finding of probable cause"). And, the comment to Rule 12.9(b) clarifies that the rule's timeliness requirement applies to all species of grand jury challenges: "A motion attacking the grand jury proceedings . . . must be brought within 25 days of the filing of the transcript." No matter how Frye characterizes her motion and regardless of what relief she requested, she essentially challenged the propriety of the state's actions in connection with the grand jury proceeding—and she did so primarily based on the fairness of the testimony presented.

¶10  Second, the respondent judge's decision to remand the case for a new finding of probable cause, the decision challenged in this petition, was not based on Frye's arguably discrete claim of prosecutorial misconduct. Indeed, the respondent judge rejected Frye's claim of prosecutorial misconduct, specifically stating that he was reviewing Frye's remaining arguments pursuant to Rule 12.9. Moreover, after finding that "the [grand jury] presentation was not done as fairly as it could have been," the remedy the respondent judge imposed was precisely the kind of remedy typically imposed for a flawed grand jury

6

proceeding. Clearly, the respondent judge granted Frye relief pursuant to Rule 12.9 despite the untimeliness of Frye's challenge.

**¶11** Finally, Frye contends that prosecutorial misconduct committed during grand jury proceedings will not always come to light until after the Rule 12.9 deadline has passed. Under such circumstances, Frye suggests, rigid enforcement of that deadline would leave defendants without a remedy for even egregious prosecutorial misbehavior during grand jury proceedings. But if a defendant suspects that later discovery and disclosure could conceivably expose a defect in the grand jury proceedings not apparent within the Rule 12.9(b) filing deadline, the defendant can file a timely motion to extend it—thereby preserving the right to raise a grand jury challenge at a later stage in the case. *See Maule*, 142 Ariz. at 515, 690 P.2d at 816 (trial court may grant extension of time to file grand jury challenge when request occurs before deadline). Frye made no such timely request here.

**¶12** For the reasons stated above, we accept jurisdiction of the state's petition for special action and grant relief, vacating the respondent judge's order remanding the underlying charges to the grand jury.

_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

_____

7

PHILIP G. ESPINOSA, Judge

_____
GARYE L. VÁSQUEZ, Judge