NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa
County Attorney, *Petitioner*,

*v.*

THE HONORABLE PETER REINSTEIN, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

STEVEN HENDRIX, *Real Party in Interest*.

No. 1 CA-SA 14-0068
FILED 5-15-2014

_____

Appeal from the Superior Court in Maricopa County
No.  CR2013-004284-012
The Honorable Peter Reinstein, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

_____

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Petitioner*

Gallagher & Kennedy, P.A., Phoenix
By Tom Henze, Janey Henze Cook, Kiersten Murphy
*Counsel for Real Party in Interest*

**DECISION ORDER**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maurice Portley and Judge Andrew W. Gould joined.

**W I N T H R O P,** Presiding Judge:

¶1   Petitioner, the State of Arizona, by and through the Maricopa County Attorney, has filed a petition for special action challenging the trial court's ruling allowing the Real Party in Interest, Steven Hendrix, to file a motion for a new finding of probable cause. The State contends the trial court erred because the deadline for filing such a motion had passed and the court lacked discretion to extend the deadline. For the following reasons, we accept jurisdiction and grant relief.

¶2   The operative facts are as follows:  On October 11, 2013, a grand jury issued a fifty-five count indictment, naming Hendrix and others as participants in a criminal syndicate involved in trafficking in stolen property.  Hendrix had his initial appearance and arraignment on October 17 and 23, respectively, and the grand jury transcript was filed on October 30, 2013.  Consequently, Hendrix had twenty-five days from October 30 (or until Monday, November 25, 2013) to challenge the grand jury proceedings by filing a motion for a new finding of probable cause. *See* Ariz. R. Crim. P. ("Rule") 12.9(b).

¶3   On November 18, 2013, Hendrix filed a timely motion to extend the time to file his Rule 12.9 motion for a new finding of probable cause.  In the motion, Hendrix specifically requested "a 60-day extension." The next day, the trial court issued an order "granting the Motion" without further explanation and without specifying the new deadline date.  Nonetheless, a full sixty-day extension from the last day to challenge the grand jury proceedings (November 25) extended the time for Hendrix to file his motion to January 24, 2014.  Hendrix, however, did not file a motion for a new finding of probable cause (and did not move to further extend the time to file such a motion) on or before January 24.

¶4   On March 3, 2014, Hendrix filed a motion for a new finding of probable cause, and he requested an additional thirty days to allow for supplemental filing.  Citing *Maule v. Superior Court*, 142 Ariz. 512, 690 P.2d

813 (App. 1984), the State filed a response arguing the mandatory deadline for the motion had passed. Hendrix replied in part that, because the trial court did not specify a new filing deadline date in its November 19 order, he could file his motion at any time, including after January 24, 2014, and that the State had effectively acquiesced to that position on January 31, 2014, when the State did not protest Hendrix's expression of his intent to file the motion in the parties' jointly prepared Joint Case Management Plan. Hendrix also argued that, although *Maule* prohibited a first request for an extension of time after the 25-day mandatory time limit of Rule 12.9, it said nothing about preventing a party who had timely requested an extension of time from later filing a motion that missed the extension deadline set by the court.

¶5　　　　At oral argument on March 28, 2014, the trial court granted what it characterized as a "motion for new finding," but denied Hendrix's request for an additional thirty days to supplement his Rule 12.9 motion to remand. The court also allowed the co-defendants, who had filed no previous motion or request for an extension, to join Hendrix's Rule 12.9 motion to remand. In its minute entry memorializing its ruling filed April 2, 2014, the court found "that the Defendant's Motion was filed timely under the facts and circumstances of this matter." On April 23, 2014, the State filed this petition for special action.

¶6　　　　We may accept special action jurisdiction when a petitioner has no equally plain, speedy, and adequate remedy by appeal, *see* Ariz. R.P. Spec. Act. 1(a); *State ex rel. Romley v. Dairman*, 208 Ariz. 484, 485-86, ¶ 2, 95 P.3d 548, 549-50 (App. 2004), or when the trial court has abused its discretion or committed a plain and obvious error. *See* Ariz. R.P. Spec. Act. 3(c); *Amos v. Bowen*, 143 Ariz. 324, 327, 693 P.2d 979, 982 (App. 1984). In this case, special action jurisdiction is appropriate because the State has no equally plain, speedy, or adequate remedy by appeal, and we conclude that the trial court erred.

¶7　　　　The State argues the court erred because it lacked discretion to further extend the deadline to file a motion for a new finding of probable cause. In *Maule*, this court held in part that, despite the "mandatory" language of Rule 12.9, "the trial court may grant an extension of time in which to file a motion pursuant to rule 12.9," but "the trial court has no authority to grant an extension that is not made on a timely basis." 142 Ariz. at 515, 690 P.2d at 816; *see also State v. Mulligan*, 126 Ariz. 210, 213, 613 P.2d 1266, 1269 (1980) ("A defendant waives his objections to the grand jury proceeding by failing to comply with the timeliness requirement." (citation omitted)). Given this court's previous

analysis in *Maule*, the State's argument is well-taken. The only reasonable interpretation of the trial court's ruling granting Hendrix's November 18 motion for an extension is that the court granted Hendrix the full amount of time requested – sixty days. Moreover, nothing in Rule 12.9 or case law interpreting that rule contemplates an open-ended extension of time for a defendant to file his motion. Consequently, Hendrix's motion for a new finding of probable cause was due no later than January 24, 2014. Any attempt by Hendrix to file his motion or seek a further extension of time in which to file the motion after January 24 was untimely. Accordingly,

¶8        **IT IS ORDERED** accepting jurisdiction of the State's petition for special action.

¶9        **IT IS FURTHER ORDERED** granting relief by reversing the trial court's ruling that the motion for a new finding of probable cause filed by the Real Party in Interest, Steven Hendrix, was timely.

¶10       **IT IS FURTHER ORDERED** vacating this court's stay of the trial court proceedings granted on May 9, 2014.

¶11       **IT IS FURTHER ORDERED** that the clerk of this court provide a copy of this Decision Order to the Honorable Peter Reinstein, a Judge of the Superior Court, and to each party appearing herein.



Ruth A. Willingham · Clerk of the Court
FILED: MJT