251 P.3d 430

**STATE of Arizona, Appellant,**

v.

**Raymond MEROLLE, Jr., Appellee.**

No. 1 CA–CR 10–0202.

Court of Appeals of Arizona,
Division 1, Department B.

April 14, 2011.

As Amended June 1, 2011.

Thomas C. Horne, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Michael T. O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender By Thomas K. Baird, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

JOHNSEN, Judge.

¶ 1 The superior court granted an untimely motion by Raymond Merolle, Jr., to dismiss an indictment with prejudice based on prosecutorial misconduct during the grand jury proceedings. Under the case authorities, we must reverse because the superior court lacked the power to grant the untimely motion.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 A grand jury indicted Merolle on charges of theft, altering a serial or identification number of a motor vehicle or major component part, and attempted fraudulent schemes and artifices. Because the prosecutor had failed to present exculpatory evidence to the grand jury, however, the superior court granted Merolle's motion to remand for a redetermination of probable cause. A settlement conference occurred shortly after the court remanded the indictment, but no plea agreement was reached. About three weeks after the settlement conference, the State again presented the case to the grand jury. At that time, the investigating detective recounted to the grand jury a statement Merolle made during the settlement conference. The statement conflicted with another by Merolle, leaving the implication that one of Merolle's statements was a lie. The grand jury reindicted him.

¶ 3 More than four months later, Merolle filed a motion to dismiss the second indictment on the ground that by presenting the grand jury with his statement from the settlement conference, the State violated Arizona Rule of Criminal Procedure 17.4(f), Arizona Rule of Evidence 410 and his rights under the Fifth Amendment to the United States Constitution and Article II, Section 10 of the Arizona Constitution. Merolle's motion did not cite Arizona Rule of Criminal Procedure 12.9.

¶ 4 The superior court held that the use of Merolle's statement from the settlement conference constituted prosecutorial misconduct in violation of Rules of Evidence 408 and 410, Rule of Criminal Procedure 17.4 and Merolle's Fifth Amendment rights. The court recognized Merolle's motion to dismiss was untimely, but concluded the court had inherent power to dismiss the indictment with prejudice as a remedy for prosecutorial misconduct.

¶ 5 We have jurisdiction of the State's appeal pursuant to Article VI, Section 9 of the Arizona Constitution, and Arizona Revised Statutes sections 12–120.21(A)(1) (2003) and 13–4032(1) (2010).

## DISCUSSION

¶ 6 Merolle's motion to dismiss cited Arizona Rule of Criminal Procedure 17.4(f), which provides in relevant part that if no plea agreement is reached at a settlement conference, "the plea discussion" is not "admissible against the defendant in any criminal or civil action or administrative proceeding." Merolle contends that by disclosing to the grand jury the statement he made during the settlement conference, the State violated Rule 17.4(f) and his Fifth Amendment right against self-incrimination.

¶ 7 The State, however, argues the superior court lacked the power to grant the motion to dismiss because it was untimely. The State contends Arizona Rule of Criminal Procedure 12.9 provides the sole means by which a defendant may challenge a grand jury proceeding and argues that Merolle's motion was untimely under that rule.[1]

¶ 8 Rule 12.9(a) states that "grand jury proceedings may be challenged only by motion for a new finding of probable cause alleging that the defendant was denied a substantial procedural right, or that an insufficient number of qualified grand jurors concurred in the finding of the indictment." We have held Rule 12.9 is both "[t]he defendant's sole procedural vehicle for challenging grand jury proceedings" and "the appropriate method to challenge prosecutorial misconduct

---

1. "Because this issue concerns a question of law, our review is de novo." *State v. Smith*, 215 Ariz. 221, 227, ¶ 14, 159 P.3d 531, 537 (2007).

before the grand jury." *State v. Young,* 149 Ariz. 580, 585, 586, 720 P.2d 965, 970, 971 (App.1986).

¶ 9 The defendant in *Young* moved to dismiss an indictment pursuant to what is now Arizona Rule of Criminal Procedure 16.6(b) based on prosecutorial misconduct before the grand jury. *Id.* at 582, 720 P.2d at 967. Rule 16.6(b) allows the superior court to dismiss a prosecution "upon finding that the indictment, information, or complaint is insufficient as a matter of law." We rejected the defendant's argument in *Young* that Rule 16.6(b) allows dismissal based on irregularities in grand jury proceedings and held instead that Rule 12.9 "specifically provides the *only* procedural method for challenging grand jury proceedings in Arizona." 149 Ariz. at 587, 720 P.2d at 972 (emphasis in original); *see Maretick v. Jarrett,* 204 Ariz. 194, 199, ¶ 20, 62 P.3d 120, 125 (2003) (Rule 12.9 motion is proper method of raising due-process challenge to use of misleading testimony in grand jury proceedings and prosecutor's failure to properly instruct grand jury).

¶ 10 Rule 12.9(b) provides that a motion to dismiss under that rule must be filed "no later than 25 days after the certified transcript and minutes of the grand jury proceedings have been filed or 25 days after the arraignment is held, whichever is later." "A defendant waives his objections to the grand jury proceeding by failing to comply with the timeliness requirement." *State v. Smith,* 123 Ariz. 243, 248, 599 P.2d 199, 204 (1979); *see also State v. Lamb,* 142 Ariz. 463, 468, 690 P.2d 764, 769 (1984) (defendant "waived his right to challenge the determination of probable cause by failing to act in a timely matter"). Although the superior court may grant a motion for extension of time to file a Rule 12.9 motion, the motion for extension must be filed within the 25–day period. *Maule v. Superior Court,* 142 Ariz. 512, 515, 690 P.2d 813, 816 (App.1984).

¶ 11 Pursuant to *Smith* and *Lamb,* Merolle waived his right to challenge the grand jury proceedings by failing to file a motion within the time set forth in Rule 12.9(b). He filed his motion more than 90 days after the certified transcript and minutes of the grand jury were filed and more than 150 days after his arraignment, well beyond the 25–day limit. *See* Ariz. R.Crim. P. 12.9(b). Nor did he file a request for an extension before the time limit set forth in Rule 12.9(b) expired.

¶ 12 Notwithstanding Merolle's waiver, the superior court determined it had "inherent authority" to dismiss the indictment on its own motion. *See generally State v. Hannah,* 118 Ariz. 610, 611, 578 P.2d 1039, 1040 (App. 1978). Merolle offers no authority for the proposition, however, that the court had the power to grant relief on its own motion when his motion for the same relief would have been barred as untimely under Rule 12.9.

¶ 13 Our holding in *Young* constrains the superior court's power to dismiss in such a situation. *See* 149 Ariz. at 587, 720 P.2d at 972. Although the court in that case did not address the scope of the superior court's inherent power in such an instance, *Young* teaches that the court may dismiss an indictment based on prosecutorial misconduct only on a motion timely filed pursuant to Rule 12.9. *See id.* It follows that when a defendant fails to file such a motion, the court may not grant relief.

¶ 14 In addressing a similar issue, the United States Supreme Court held the inherent power of the district court does not allow it to grant an untimely motion for judgment of acquittal. *Carlisle v. United States,* 517 U.S. 416, 426, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) ("Whatever the scope of this 'inherent power,' however, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure."). The Court in *Carlisle* relied on *United States v. Smith,* 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947), which held a district court lacked the power to enter a *sua sponte* order granting a new trial based on "the interest of justice" after the defendant's conviction had been affirmed on appeal and long after the time to move for a new trial had passed. The *Smith* Court explained: "[I]t would be a strange rule which deprived a judge of power to do what was asked when request was made by the person most concerned, and yet allowed him to act without petition." 331 U.S. at 474, 67 S.Ct. 1330. In *State v. Hill,* 85 Ariz. 49, 330 P.2d 1088 (1958), our supreme court cited *Smith*

in reversing a superior court order that granted an untimely motion for new trial. 85 Ariz. at 53–54, 330 P.2d at 1090–91. The court held the superior court's inherent power did not allow it to grant the motion: "We hold that our Criminal Rule provisions ... must be strictly complied with and that the provisional order herein, purportedly granting a new trial to defendant, was void for lack of jurisdiction. The Rules are mandatory and must be obeyed by the courts as well as by the parties." *Id.*

¶ 15 By contrast to the deadline for filing a motion for new trial pursuant to Arizona Rule of Criminal Procedure 24.1, which the *Hill* court held was jurisdictional, 85 Ariz. at 53, 330 P.2d at 1090, this court has held that the deadline for filing a Rule 12.9 motion is not jurisdictional, but merely "mandatory," *Maule*, 142 Ariz. at 515, 690 P.2d at 816. Nevertheless, we held in *Maule* that when a defendant fails to ask for an extension of time within the time allowed by Rule 12.9, a superior court "has no authority to grant [the] extension." *Id.* By the same reasoning, we must conclude the inherent authority of the superior court in such a case does not permit it to grant relief on its own motion. *See Hill*, 85 Ariz. at 53–54, 330 P.2d at 1090–91.

## CONCLUSION

¶ 16 For the foregoing reasons, we reverse the superior court's order dismissing this case with prejudice and remand for further proceedings. Although we express no opinion on the several arguments the State raises against the dismissal on the merits, we do not condone the acts that gave rise to the superior court's considered decision to dismiss.

CONCURRING: DONN KESSLER, Presiding Judge and SHELDON H. WEISBERG, Judge.