NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CLINT JASON ARNOLD, *Appellant.*

No. 1 CA-CR 13-0551

FILED 9-9-14

Appeal from the Superior Court in Mohave County
No. S8015CR201100673
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G E M M I L L**, Judge:

¶1          Clint Jason Arnold appeals from his conviction of and sentence for theft, a class 4 felony.  Arnold's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Arnold was afforded the opportunity to file a *pro se* supplemental brief and he has done so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  For the following reasons, we affirm.

## BACKGROUND

¶2          We view the evidence in the light most favorable to upholding the jury's verdict.  *See State v. Carrasco*, 201 Ariz. 220, 221, ¶ 1, 33 P.3d 791, 792 (App. 2001).  Arnold was charged with one count of theft, a class 4 felony, in violation of Arizona Revised Statute ("A.R.S.") section 13-1802(A)(1).

¶3          Before trial, Arnold requested to waive counsel and the trial court granted the request and appointed Sandra Carr as advisory counsel.  Arnold filed seven pro per motions before trial, all of which were denied by the trial court.  After the court denied his motions, Arnold waived his right to a jury and the court granted his request for a bench trial.  Arnold then withdrew his waiver of counsel and the court re-appointed Carr to represent him.

¶4          The following evidence was presented at trial: Richard Knowles testified that he knew the victim, Don Farrell, as a neighbor and business associate.  On April 12, 2011, Knowles observed a red vehicle with a trailer pull behind Farrell's property.  He called Farrell to ask if anyone had permission to be on the property.  When Farrell answered in the negative, Knowles proceeded to call the sheriff.  Shortly thereafter, he entered onto the property and observed both a red Suburban pulling a trailer full of parts and a camouflage-painted Toyota truck. He also saw the sheriff's officer taking Arnold into custody.  Knowles testified that he was familiar with Farrell's inventory and that the list of items taken was "reasonably accurate."  Knowles, who has thirty-seven years of experience in the trucking and towing business, also testified as to the value of the several dozen items taken from Farrell's property.  These items ranged in individual value from $150 to $1500.

¶5        Don Farrell testified that he was called out to his property during a theft in progress.  He testified that no one had permission to go on his property and take any of the items.  Farrell identified Arnold as one of the men on his property.  Farrell also identified a number of the parts as his.

¶6        Ray Foreman ran an automotive repair business in Kingman and was retained by Arnold to testify as to the value of the items taken.  In his opinion, the parts taken weighed about two tons and were worth about $500 in scrap value.  Foreman testified that many of the parts only had value as scrap metal.  Arnold testified in his own defense.  He testified that he operated a debris management company and had known Farrell since 1979.  In October of 2010 Arnold had a conversation with Farrell about the possibility that Arnold would clean up Farrell's property for scrap metal.  Arnold claimed that he and Farrell were "agreeing in principle at that time."  Arnold also testified that he thought the parts had value only as scrap metal and he would not have taken anything that he thought was useable.  Arnold admitted that there was no agreement in writing.  Although the "understanding" was reached in October of 2010, it was not until April of 2011 that Arnold actually returned to pick up the parts he claimed were part of this agreement.

¶7        The trial court found Arnold guilty of theft, a class 4 felony.  Arnold was placed on three years of supervised probation and, as a condition of probation, was ordered to spend 120 days in the Mohave County Jail.  Arnold filed a timely notice of appeal and amended notice of appeal from the judgment and sentence.  We have jurisdiction under the Arizona Constitution Article VI, section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

**ANALYSIS**

¶8        Arnold's supplemental brief raises issues related to the motions he filed before and during trial.

I.        **Arnold's motion to remand and request to appear before a grand jury are irrelevant**

¶9        Arnold asks this court to consider two motions concerning an initial indictment filed before the indictment that brought the charge on which Arnold went to trial.  The State moved to dismiss this initial indictment, however, and the trial court dismissed the first indictment without prejudice.  Because Arnold's motions to remand and request to appear before the grand jury pertain to the dismissed indictment, such

motions cannot form the foundation for an assignment of error in this appeal.

## II.     The trial court did not err in denying Arnold's Rule 20(a) motion and declining to rule on his Rule 20(b) motion

**¶10**          Before trial, Arnold moved for acquittal pursuant to Arizona Rule of Criminal Procedure 20(a).  The trial court denied the motion as premature.  Arnold's counsel brought a second oral Rule 20(a) motion after the close of the State's evidence.  The trial court denied this motion as well.

**¶11**          We review the trial court's denial of the Rule 20 motion to acquit de novo.  *State v. Boyston*, 231 Ariz. 539, 551, ¶ 59, 298 P.3d 887, 899 (2013).  Before the verdict, a defendant may move for a judgment of acquittal under Rule 20(a) if no substantial evidence warrants a conviction.  Ariz. R. Crim. P. 20(a).  "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (quoting *State v. Jones,* 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶ 16, 250 P.3d 1188, 1191 (2011) (citations omitted).  Under A.R.S. § 13-1802(A)(1), a person commits theft if "without lawful authority, the person knowingly . . . [c]ontrols property of another with the intent to deprive the other person of such property[.]" Theft of property with a value of three thousand dollars or more but less than four thousand is a class 4 felony.  A.R.S. § 13-1802(G).

**¶12**          We conclude that substantial evidence supports Arnold's conviction.  The only contested elements at trial were Arnold's knowledge that he lacked lawful authority to take the property and the value of the property.  Farrell's testimony was sufficient to allow a reasonable trier of fact to conclude that Arnold took the property without lawful authority. The basis of Arnold's defense – that he thought he had permission to take the parts – was an alleged agreement between himself and Farrell.  Farrell positively testified that no one had authority to take the items, and Arnold himself admitted that the conversation giving rise to his purported belief happened six months before he attempted to take the parts.  Furthermore, there was no written agreement between Farrell and Arnold.  These facts allowed the trial court to reasonably conclude that Arnold knew that he lacked the lawful authority to take the items.

**¶13** Additionally, the value of the property was disputed. The prosecution's expert testified that the value of the property exceeded $3000, and the defense expert contested this figure. The trial judge was entitled to resolve this dispute by choosing to believe either the prosecution's expert or Arnold's expert. The prosecution's expert testimony, if believed, established the value of the property as greater than the required $3000. Thus, there is substantial evidence to support the trial judge's determination of value.

**¶14** Arnold filed an additional Rule 20(b) motion to acquit after trial, but the motion was filed as though Arnold was representing himself. The trial court took no action on the motion because Arnold was represented by counsel at that time, and he was not entitled to hybrid representation. Hybrid representation is concurrent or alternate representation by both defendant and attorney. *See State v. Murray*, 184 Ariz. 9, 27, 906 P.2d 542, 560 (1995). Although a trial court may permit hybrid representation, there is no automatic right to such representation. *Id*. Thus, the trial court had no obligation to take any action on Arnold's pro per motion because he was represented by counsel when it was made. Furthermore, even if we were to consider the merits on Arnold's 20(b) motion, substantial evidence supports the verdict.

### III. Arnold failed to timely object to the grand jury proceedings

**¶15** Arnold asks this court to review his motion to dismiss under Arizona Rule of Criminal Procedure 16.6. Rule 16.6 provides that the court "on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law." Ariz. R. Crim. P. 16.6(b).

**¶16** Although Arnold insists that he did not file this motion in order to contest the propriety of the grand jury procedure, his only assertion is that the grand jury should have been informed of his request to appear before it and present exculpatory evidence. Arnold makes no argument that the indictment itself is insufficient. Thus, the trial court correctly characterized his motion under Rule 12.9 rather than Rule 16.6. *See, e.g., State v. Young*, 149 Ariz. 580, 587, 720 P.2d 965, 972 (App. 1986) (explaining that Rule 12.9 is the only method for challenging grand jury processes). Under Rule 12.9, a motion challenging the sufficiency of the grand jury process must be brought within twenty-five days of the grand jury's indictment. Arnold brought this motion nearly two years after the grand jury proceedings in this case. Accordingly, he waived his right to challenge the grand jury proceedings by failing to file within the required time limits.

*See, e.g.*, *State v. Merolle*, 227 Ariz. 51, 53 ¶ 9, 251 P.3d 430, 432 (App. 2011). The trial court did not err in denying his motion.

## IV. The trial court did not abuse its discretion when it denied Arnold's Rule 8 motion to dismiss

**¶17**         Arnold also asks this court to review his motion to dismiss for denial of the right to a speedy trial.  He argues that the time limit in Arizona Rule of Criminal Procedure 8.2(a)(2) was violated because he was not tried within 180 days of his arraignment.  Rule 8.2(a)(2) provides that a person shall be tried "180 days from arraignment if the person is released[.]"  If the court determines that this time limit has been violated then "it shall on motion of the defendant, or on its own initiative, dismiss the prosecution with or without prejudice."  Ariz. R. Crim P. 8.6.  Rule 8.4 provides that certain periods of delay shall be excluded from computing time under Rule 8.2 including "[d]elays occasioned by or on behalf of the defendant, including, but not limited to . . . the defendant's absence[.]"  Ariz. R. Crim. P. 8.4(a).  A defendant cannot request continuances and then argue on appeal that these delays violated the time limits in Rule 8.  *State v. Gretzler*, 126 Ariz. 60, 71, 612 P.2d 1023, 1034 (1980).  We review a trial court's denial of a Rule 8 motion for abuse of discretion.  *State v. Hunter*, 227 Ariz. 542, 543, ¶ 4, 260 P.3d 1107, 1108 (App. 2011).

**¶18**         We find no error in the trial court's denial of Arnold's Rule 8 motion.  The record clearly reveals that the two-year delay was the result of Arnold's numerous requests for continuance.  Arnold's contention that his requests for continuance are not excluded because they were not in writing ignores 8.4(a).  His requests for continuance are properly considered "delays occasioned by or on behalf" of him.  Additionally, 8.4(a) excludes delays caused by a defendant's absence.  Defendant was not present at the final management conference, and as a result, the trial date was vacated until Arnold was returned to the court's jurisdiction.  This delay was caused by his absence and is excluded.  The time from May 9, 2011 when Arnold was first arraigned until July 11, 2011 when he moved to continue the omnibus hearing counts towards the Rule 8 time limit and amounted to sixty-three days.  The time between the September 26, 2011 omnibus hearing and the trial date of November 29, 2011 would have been sixty-four days, but Arnold asked for a continuance on November 14.  Every other delay was caused at Arnold's request, on his own or jointly with the prosecution. These requests are delays "occasioned by or on behalf of" Arnold.  Our review of the record indicates that Arnold was timely tried, and the trial court therefore did not abuse its discretion when it denied Arnold's motion to dismiss.

**CONCLUSION**

**¶19**     Based on our independent review of the record, we find no reversible error and affirm Arnold's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: JT