NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOE LOUIS ARVIZU, JR., *Appellant.*

No. 1 CA-CR 15-0003
FILED 11-17-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-146720-001
The Honorable Brian Kaiser, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

Joe Louis Arvizu, Jr.
*Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

**P O R T L E Y**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Joe Louis Arvizu, Jr., has advised us that she has been unable to discover any arguable questions of law after searching the entire record, and has filed a brief requesting us to conduct an *Anders* review of the record.  And Arvizu has filed a supplemental brief.

### FACTS[1]

¶2        During a routine patrol on September 2, 2012, a police officer noticed that cars in the curb lane were not proceeding through a green light. The officer saw a silver Acura stopped at the light, and stopped to help the driver.  When he approached the car, he saw the driver, who he later identified as Arvizu, fumbling and moving his hand from the gear shift to the key in the ignition switch.  After making contact with Arvizu, the officer noticed that Arvizu's eyes were bloodshot and watery; he smelled of alcohol; his speech was slurred as he spoke; and he explained that his car was out of gas and he needed to get home.  After Arvizu failed all the field sobriety tests, the officer arrested him on suspicion of impaired driving. Subsequent blood tests revealed that Arvizu's blood alcohol content level was .286.

¶3        Because Arvizu was aware his driving privileges had been suspended, he was charged with aggravated drunk driving, and aggravated drunk driving with an alcohol concentration of .08 or more. The case proceeded to trial and after the State presented its evidence, Arvizu made an unsuccessful motion for a judgment of acquittal under Arizona Rule of Criminal Procedure 20.  Arvizu was subsequently convicted on both charges.  During the December 2014 sentencing hearing, the court held a

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

trial on Arvizu's priors and found that the State had proven a historical prior felony conviction by clear and convincing evidence. Arvizu was then sentenced to concurrent terms of four-and-a-half years in prison, and given 45 days of presentence incarceration credit.

¶4          We have jurisdiction over the appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

¶5          We have read and considered counsel's brief and Arvizu's supplemental brief.[3] We have also searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶6          In the briefs, Arvizu raises, by asking questions, the following issues: (1) ineffective assistance counsel; (2) ethical rule violations; (3) due process violations; (4) jury misconduct; (5) judicial prejudice; (6) a *Brady* violation;[4] (7) incorrect evidentiary rulings; (8) the court's denial of various defense motions; (9) the sufficiency of jury instructions; (10) the sufficiency of the evidence; (11) the qualifications of the jurors sitting on the jury panel; (12) inconsistencies in State witness testimony; (13) the timing and form of the court's *Willits* instruction;[5] (14) the court's denial of the defense request

---

[2] We cite the current version of the statute unless otherwise noted.

[3] On the last day to file his supplemental brief, Arvizu filed a supplement to his supplemental brief. We also received a motion to include a CD in the record along with a CD containing additional evidence from a J. McPherson on Arvizu's behalf. We will not consider the CD, which was a video of some of the court proceedings, but was not designated as part of the record, and the request to include it was not timely. *See* Ariz. R. Crim. P. 31.8(a). Moreover, Arvizu does not contend that the record is incorrect and the CD would correct the record. Consequently, we will not review the CD. Ariz. R. Crim. P. 31.8(h); *see also State v. Esquer*, 26 Ariz. App. 572, 573, 550 P.2d 240, 241 (App. 1976) ("When a question arises as to the correctness of a record after it has been certified to the Court of Appeals, an appropriate correction is proper, provided that a timely motion is made."), *disavowed on other grounds by State v. Lopez*, 27 Ariz. App. 626, 630, 557 P.2d 558, 562 (App. 1976).

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5] *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964).

to speak to jurors after the trial and clarify their understanding of the jury instructions; (15) tampering of transcripts;[6] (16) whether Arvizu was afforded a fair trial; and (17) grand jury concerns.

## I.     Waiver and Issues Not Appropriate for Appellate Review

¶7          Although Arvizu itemizes the issues in the form of questions, he did not properly raise and argue the issues as required by Arizona Rule of Criminal Procedure 31.13.  For example, he did not present the issue, point to facts in the record, and provide legal authority for each argument. As a result, he has waived the issues on appeal.  *See* Ariz. R. Crim. P. 31.13 (stating that argument on appeal "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."); *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004) ("Merely mentioning an argument is not enough . . . opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.  Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted).

¶8          Moreover, there are some issues that we will not address on appeal.  For example, we cannot review any challenges to the grand jury process because they should have been raised by motion for a new finding of probable cause before the trial began.[7]  Ariz. R. Crim. P. 12.9(a), (b); *State v. Merolle*, 227 Ariz. 51, 53, ¶ 10, 251 P.3d 430, 432 (App. 2011).  Similarly, Arvizu can only pursue any ineffective assistance of counsel claim in a Rule 32 post-conviction proceeding and we cannot consider these claims on appeal.  *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, ¶ 20, 153 P.3d 1040 (2007) (stating "a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding — not . . . on direct review").  And, we will not address his claim that two jurors should not have been seated because they had family members in law enforcement because he did not raise any objection at the time the jurors were questioned and selected to be seated to hear the evidence.  *See Moody*, 208 Ariz. at 452,

---

[6] Although Arvizu alleges the transcripts are imperfect, the transcripts are sufficiently complete and more than adequate to permit a full review of the record for fundamental error.  *See State v. Schackart*, 175 Ariz. 494, 499, 858 P.2d 639, 644 (1993) (citation omitted).

[7] We further note that "insufficiency of the evidence is not a valid ground for [a] challenge to the finding of the grand jury."  *State ex rel. Collins v. Kamin*, 151 Ariz. 70, 72, 725 P.2d 1104, 1106 (1986).

¶ 98, 94 P.3d at 1147 ("a defendant who believes a trial court's voir dire to be deficient cannot sit on his rights and bypass the opportunity to cure the error by questioning jurors about those subjects that he feels were inadequately addressed when offered the opportunity to do so"). Moreover, the record demonstrates that all jurors on the panel were qualified to serve as members of the jury, being 18 years or older, United States citizens, residents of Maricopa county, and having not been convicted of a felony unless their civil rights had been restored.

## II.      Sufficiency of the Evidence and Inconsistent Witness Testimony

¶9          Arvizu also contends that the evidence was insufficient to sustain the convictions.  We disagree.  In order for Arvizu to be convicted of aggravated driving or actual physical control while under the influence while his privilege to drive was suspended under A.R.S. §§ 28-1381(A)(1) and 28-1383(A)(1), or aggravated driving or actual physical control with an alcohol concentration of 0.08 while his privilege to drive was suspended under A.R.S. §§ 28-1381(A)(2) and 28-1383(A)(1), the State needed to prove the elements of each crime beyond a reasonable doubt.  And the State met its burden.

¶10          Although Arvizu contends witnesses gave inconsistent testimony, which undermines the verdicts, his concerns go to the weight, and not the admissibility of the testimony.  And because "[t]he credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the jury," *see Kuhnke v. Textron, Inc.*, 140 Ariz. 587, 591, 684 P.2d 159, 163 (App. 1984), the jurors were entitled to either reject or accept the officers' testimony and we will not re-weigh the evidence on appeal, *see State v. Lee*, 189 Ariz. 590, 603, 944 P.2d 1204, 1217 (1997).

## III.     State Failure to Produce Tow Sheet

¶11          Arvizu questions whether the missing tow sheet resulted in a *Brady* violation.  Specifically, he suggests that the report was exculpatory because it would have noted any damage to Arvizu's vehicle, even though the report would not have demonstrated whether the car contained gasoline, and may not have contained any other evidence to undermine the officer's testimony that Arvizu was in the driver's seat or the reason the officer did not sit in the driver's seat to determine if there was gas.  (This, however, ignores the fact that the car had to be driven to the intersection before the police contacted Arvizu.)  The police, however, had the log numbers and provided them, but the tow company did not maintain the

record after losing its contract with the police department. As a result, and out of an abundance of caution, the trial court gave a *Willits* instruction and allowed the jury to determine whether the absence of the report undermined the State's evidence. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"); *State v. Rivera*, 152 Ariz. 507, 511, 733 P.2d 1090, 1094 (1987) (holding where evidence is "no longer available because the State has destroyed the evidence or failed in its duty to preserve the evidence," a *Willits* instruction will cure the error and protect the defendant's due process rights). Thus, any possible prejudice to Arvizu was cured by the instruction.

## IV. Denial of Defense Request to Speak to Jurors After Trial

¶12        After trial, the defense filed a motion for new trial, requesting that the court release the juror names and contact information so counsel could clarify whether the jurors understood and followed the instructions during deliberations. The court held oral argument and subsequently denied the motion because the motion did not allege any specific misconduct listed in Rule 24.1 and the defense was not permitted to look into the jurors' thoughts and deliberative processes.

¶13        Here, the jury was instructed at the outset of the trial, and, at the close of evidence, given final jury instructions. The final jury instructions were appropriate based on the charges and evidence. Jurors are presumed to follow their instructions. *See State v. Nelson*, 229 Ariz. 180, 190, ¶ 45, 273 P.3d 632, 642 (2012) (citation omitted). And under the Lord Mansfield rule, "a juror's testimony is not admissible to impeach the verdict." *Id.* at 191, ¶ 48, 273 P.3d at 643 (internal citations and quotation marks omitted).

¶14        Moreover, after the verdicts were announced, the defense requested that the jury be polled, and the court asked each juror if the verdicts were their verdicts. Each juror answered affirmatively and there were no dissents. The verdicts were final. *See State v. Kiper*, 181 Ariz. 62, 68-69, 887 P.2d 592, 598-99 (App. 1994). As a result, the defense was not entitled to question the jurors' thoughts and deliberative processes in an effort to attempt to impeach the verdicts. *See* Ariz. R. Crim. P. 24.1(d) (prohibiting inquiry into "the subjective motives or mental processes which led a juror to assent or dissent from the verdict"). Consequently, the court

did not err in denying the defense request to inquire into the jurors' mental processes.

## V.     Reversible Error

**¶15**          Having reviewed the briefs and searched the entire record for reversible error, we find none.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The record, as presented, reveals that Arvizu was represented by counsel at all stages of the proceedings,[8] and the sentences imposed were within the statutory limits.

**¶16**          After this decision is filed, counsel's obligation to represent Arvizu in this appeal has ended.  Counsel must only inform Arvizu of the status of the appeal and Arvizu's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Arvizu may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

---

[8] Although Arvizu questions the denial of his motion to change his third attorney, the trial court did not find that Arvizu proved "a genuine irreconcilable difference with trial counsel or that there was a total breakdown in communication."  *See State v. Peralta*, 221 Ariz. 359, 361, ¶ 5, 212 P.3d 51, 53 (App. 2009) (citations omitted).  Because we review the ruling for an abuse of discretion, *id.* at 361, ¶ 3, 212 P.3d at 53, the court did not abuse its discretion by denying the motion after finding that Arvizu had repeatedly filed motions to continue the trial and to replace counsel, which indicated a pattern of behavior, and not a genuine concern about the attorney-client relationship.

**CONCLUSION**

¶17        Accordingly, we affirm Arvizu's convictions and sentences.



**Ruth A. Willingham** · **Clerk of the Court**
FILED: ama