NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES LUTHER JONES, JR., *Appellant*.

No. 1 CA-CR 16-0216
FILED 2-21-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201500150
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

James Luther Jones, Jr., Kingman
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

**J O H N S E N**, Judge:

**¶1**　　　　James Luther Jones, Jr. appeals his convictions and sentences for harassment of a public official, a Class 5 felony, and recording a false document, a Class 1 misdemeanor. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　The evidence at trial showed after a superior court judge dismissed a civil lawsuit filed by Jones, Jones filed a nonconsensual $2.7 million lien in the Mohave County Recorder's Office against the judge and a lawyer representing a party opposing Jones.[1] Jones, who represented himself at the criminal trial, testified that the document he filed was a notice of distress on the bond, not a lien, and he filed it to "stop the judicial abuse" and obtain a remedy for the purported denial of his due process rights in the civil lawsuit.

**¶3**　　　　The jury convicted Jones of the charged offenses. The judge suspended sentence, placed Jones on probation for two years and imposed a 120-day jail term. Jones filed a timely notice of appeal. This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2017), 13-4031 (2017), and -4033(A) (2017).

## DISCUSSION

### A.　Jurisdiction.

**¶4**　　　　Jones argues that the superior court lacked jurisdiction to try him on the charges, and erred by not requiring the Mohave County Attorney's Office to answer his "Challenge of Jurisdiction." In the cited pleading, filed in *propria persona* a day before his arraignment, Jones argued in part that the superior court had neither personal jurisdiction over him nor subject matter jurisdiction to try the criminal charges against him because the state, county and superior court all are artificial corporations and had no standing to prosecute him because he "has removed himself from all fictitious political systems." A month later, at a case management conference, the superior court noted in a minute entry that the parties discussed jurisdiction. In the absence of a ruling on the record, Jones's "Challenge to Jurisdiction" is deemed denied. *See State v. Hill,* 174 Ariz. 313, 323 (1993). Because Jones failed to ensure that a transcript of this hearing

---

[1]　　"We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Boozer*, 221 Ariz. 601, 601, ¶ 2 (App. 2009).

discussing jurisdiction was forwarded on appeal, we presume the discussion supported the denial of Jones's "Challenge to Jurisdiction." *See State v. Zuck,* 134 Ariz. 509, 513 (1982) (missing portions of the record are presumed to support superior court's action).

**¶5** On appeal, Jones appears to challenge only the court's subject matter jurisdiction. This court reviews subject matter jurisdiction *de novo. State v. Silva,* 222 Ariz. 457, 459, ¶ 8 (App. 2009). Subject matter jurisdiction is "the power of a court to hear and determine a controversy." *State v. Chacon,* 221 Ariz. 523, 525, ¶ 5 (App. 2009) (citation omitted). It is well-settled that the superior court has subject matter jurisdiction to try criminal offenses. Article 6, section 14(4) of the Arizona Constitution provides that "[t]he superior court shall have original jurisdiction of . . . [c]riminal cases amounting to felony, and cases of misdemeanor not otherwise provided by law." The indictment in this case charged Jones with one count of harassing a public official, a Class 5 felony, and one count of recording a false document, a Class 1 misdemeanor. The superior court had jurisdiction of the felony charge and concurrent jurisdiction with justices of the peace of the misdemeanor charge. *See* A.R.S. § 12-123 (2017) ("The superior court shall have original and concurrent jurisdiction as conferred by the constitution, and concurrent jurisdiction with justices of the peace of misdemeanors where the penalty does not exceed a fine of two thousand five hundred dollars or imprisonment for six months."); A.R.S. § 13-802(A) (2017) (fine for Class 1 misdemeanor shall not exceed $2,500); A.R.S. § 13-707(A)(1) (2017) (maximum sentence for Class 1 misdemeanor is six months). The indictment accordingly conferred subject matter jurisdiction on the superior court.

**¶6** To the extent that Jones is also claiming the court lacked personal jurisdiction over him, this contention is not supported by the facts or the law. The court had personal jurisdiction over Jones by virtue of the fact that the court issued a summons for him and he subsequently appeared in court. *See State ex rel. Baumert v. Phoenix Mun. Court,* 124 Ariz. 543, 545 (App. 1979).

**¶7** Jones has failed to cite any authority that supports his contention that the court erred in not requiring the county attorney to respond to his meritless "Challenge to Jurisdiction," and we know of none applicable to these circumstances. We conclude the court did not err in failing to require a response to this filing.

## B.     Due Process.

**¶8**        Jones argues that the superior court violated his due process rights because it "denie[d] common law," "is not a court of record," and "tampered with the jury by giving instructions to the jury on how to interpret the law."

**¶9**        Jones failed to raise these arguments below, limiting this court to review for fundamental error only. *See State v. Henderson,* 210 Ariz. 561, 568, ¶ 22 (2005). On fundamental error review, a defendant has the burden of proving that the court erred, that the error was fundamental in nature, and that he was prejudiced thereby. *Henderson*, 210 Ariz. at 567, ¶ 20.

**¶10**        Jones has failed to meet his burden on fundamental error review. Jones has failed to cite any authority or make any argument supporting his contention that the court "tampered with the jury by giving instructions to the jury on how to interpret the law." The superior court has an obligation to instruct the jury as to the applicable law "and matters vital to a proper consideration of the evidence," such as the elements of the charged offenses, the burden and standard of proof, and the jury's role as factfinder and judge of the credibility of witnesses. *See State v. Bray*, 106 Ariz. 185, 189 (1970) (citation omitted); Ariz. R. Crim. P. 21.3. The record Jones cites fails to show any error, much less fundamental error, in the instructions.

**¶11**        Jones's citations to the record also fail to support his broad assertion that the superior court "denies common law and only practices statutory civil law." And, contrary to Jones's argument, the superior court is a court of record. Article 6, § 30 of the Arizona Constitution provides that "[t]he supreme court, the court of appeals and the superior court shall be courts of record." *See Palmer v. Superior Court*, 114 Ariz. 279, 280 (1977) (noting that "Blackstone defined a court of record as one keeping a permanent record of unquestioned verity," and these characteristics are still accepted as basic to the definition). Finally, even assuming *arguendo* that the court made a comment to the effect that "rules are law," which is missing from the record, as Jones argues, Jones fails to show how he was thereby deprived of due process.

## C.     Jury Nullification.

**¶12**        Jones argues that the court denied him due process when it sustained an objection to his comment during opening statement that the jury has the power and the right to jury nullification, and commented, "Mr.

Jones, I sustained the objection. You have to say something else. They do not have the power of jury nullification."

**¶13** Although a jury has the practical power of nullification, a defendant is not entitled to urge the jury to exercise that power. *State v. Paredes-Solano,* 223 Ariz. 284, 292-93, ¶ 26 (App. 2009) (citations omitted); *see United States v. Kerley,* 838 F.2d 932, 938 (7th Cir. 1988). A trial court accordingly "may block defense attorneys' attempts to serenade the jury with the siren sound of nullification." *United States v. Sepulveda,* 15 F.3d 1161, 1190 (1st Cir. 1993) (citation omitted). The superior court accordingly did not err in sustaining an objection to Jones's argument in opening statement that the jury had the right to jury nullification.

## D. Grand Jury.

**¶14** Jones argues that his due process rights were violated by the grand jury proceedings, because the deputy county attorney failed to summon him to testify and asked leading questions of the testifying investigator, suborning perjury, and the investigator committed perjury.

**¶15** Jones's contention fails at the start because he failed to timely move the superior court pursuant to Rule 12.9 for a new finding of probable cause alleging he was denied a substantial procedural right. *See* Ariz. R. Crim. P. 12.9(a). Arizona Rule of Criminal Procedure 12.9 is the sole means by which a defendant may challenge a grand jury proceeding. *State v. Merolle,* 227 Ariz. 51, 52, ¶ 8 (App. 2011). Such challenges must be made "no later than 25 days after the certified transcript and minutes of the grand jury have been filed or 25 days after the arraignment is held, whichever is later." Ariz. R. Crim. P. 12.9(b). "A defendant waives his objections to the grand jury proceeding by failing to comply with the timeliness requirement." *Merolle,* 227 Ariz. at 53, ¶ 10. By failing to make a timely request for a new finding of probable cause pursuant to Rule 12.9, Jones waived his claim that his due process rights were violated in the grand jury.

**¶16** Moreover, there is no record before this court to allow it to review Jones's contentions that the prosecutor violated his due process rights by failing to summon him to testify and suborned perjury, or that the investigator engaged in perjury. A person under investigation by a grand jury has no absolute right to testify at the proceedings. *See State v. Jessen,* 130 Ariz. 1, 5 (1981); *see* A.R.S. § 21-412 (2017) ("The grand jurors are under no duty to hear evidence at the request of the person under investigation, but may do so."). And although "[a] person under investigation by a grand jury . . . may be permitted to appear before the grand jury upon the person's

written request," Ariz. R. Crim. P. 12.6, Jones does not cite any such written request. Finally, because Jones failed to ensure the transcript of the grand jury proceedings was forwarded to this court on appeal, this court has no record to review Jones's arguments that the deputy county attorney suborned perjury and the investigator committed perjury. *See State v. Cramer*, 174 Ariz. 522, 524 (App. 1992).

**¶17**     Finally, Jones fails to cite any authority or make any significant argument with respect to his contention that his due process rights were violated because the investigator "was not the 'corpus delicti' accuser or injured party," and accordingly has waived this claim of error. *See State v. Moody,* 208 Ariz. 424, 452, ¶ 101, n.9 (2004) (failure to present "significant arguments, supported by authority" in opening brief waives issue).

## CONCLUSION

**¶18**     For the foregoing reasons, we affirm Jones's convictions and sentences.

